**Des Plaines Motor Sales, Inc., Plaintiff-Appellee, v. John L. Whetzal, Defendant-Appellant.**

**Gen. No. 49,942.**

First District, Third Division.

April 15, 1965.

John E. Cunningham and William J. Thomas, of Chicago, for appellant.

Brooks and Clusman, of Chicago (Thomas J. DeMik, William V. Brooks and Charles J. Clusman, of counsel), for appellee.

MR. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court.

This action was brought to recover the alleged balance due on a written agreement for the purchase of a new 1963 Chevrolet automobile. A summary judgment was rendered in favor of the plaintiff in the amount of $1,000. The defendant makes several arguments in his appeal but his chief one is that the pleadings and affidavits before the trial court created a genuine issue of fact which requires determination by a jury.

The controversy centers on a car order form which was prepared on November 10, 1962, by John M. Leahy, vice-president and agent of the plaintiff corporation, and executed by the defendant. The pertinent features of this agreement are as follows:

| CAR ORDER | | | | | Date 11-10 1962 | |
|---|---|---|---|---|---|---|
| PURCHASER | | | | | | |
| Please Enter My Order For One | | | Black Int | | Car As Follows: | |
| Make | Model | | Color | Type | Year | |
| CHEV | 1847 | | White | Sp Cpe | 1963 | |
| Engine No | Serial No | | | To Be Delivered ASP | | |
| CAR SALES PRICE | | | | | 2824 | 75 |
| TRANSPORTATION CHARGE | | Power glide | | | 199 | 10 |
| ACCESSORIES & EXTRA EQUIPMENT | | Power steering | | | 75 | 35 |
| | | 2 speed Washers | | | 17 | 25 |
| | | W-W tires | | | 31 | 90 |
| | | Wheel covers | | | 18 | 30 |
| | | P Dash | | | 18 | 30 |
| | | undercoat | | | 29 | 95 |
| | | | | TAX | 38 | 84 |
| License, License Transfer, Title, Registration Fee, Etc. | | | | | | |
| | | | TOTAL CASH DELIVERED PRICE | | 3253 | 74 |
| 900.00 Deposit on Order | | 1253 | 74 | — | 100 | 00 |
| Used Car Allowance | | 1253 | 74 | | x x x | x x |
| Less: Bal. Owing To - | | - - | - - | | 1353 | 74 |
| Cash On Delivery | | | | | 900 | 00 |

145

According to this instrument the total price of the new car with accessories was $3,253.74 and the deposit paid at the time of the car order was $100. The trade-in allowance indicated for the defendant's used vehicle was $1,253.74 and the indicated cash on delivery figure was $900. The plaintiff corporation claims that the agreement is clear, that the deposit was $100 and that the agreement shows on its face a mere technical error of computation. It claims that the balance due was $1,900. The defendant argues that the car order calls for $900 as the balance due and that he subsequently paid this amount. The issue is whether the parties intended $1,900 or $900 as the remaining sum owed on the sale.

Some time after the execution of this agreement the defendant surrendered his trade-in vehicle, a 1961 Ford, and paid $900 to the plaintiff. He received in return the new automobile and an invoice prepared by the plaintiff which apparently indicated that the account was paid in full. The same computations as on the car order were carried over onto the invoice. Subsequently the plaintiff made a demand upon the defendant for an additional $1,000 and this action ensued.

The plaintiff's complaint and amended complaint were verified but the verification was by an attorney for the plaintiff, who, in answer to interrogatories, disclosed that he had no personal knowledge of the disputed transaction. Therefore, he could not be a witness if the case were tried and his verification has no value in a summary judgment proceeding. Winger v. Richard-Wilcox Mfg. Co., 33 Ill App2d 115, 178 NE2d 659. On the other hand the answer of the defendant was verified by himself. He denied under oath that he agreed to pay $3,253.74 for the new automobile and he stated that he agreed to pay $100 as a deposit and to surrender his own car and

to pay $900 more on delivery of the new Chevrolet. Unlike the attorney, the defendant would be a competent witness and was in a position to testify as to the facts contained in his answer.

An affidavit by the plaintiff's vice-president, John M. Leahy, was filed in support of the motion for summary judgment. The affiant admitted preparing the car order and claimed that he made an error in calculation which was not discovered until after delivery of the vehicle. The affiant further set forth that he told the defendant that the purchase price would be $3,253.74 and that the defendant would be allowed a credit of $1,253.74 for his trade-in car and that the defendant agreed to these terms. On the basis of this affidavit and the verified pleadings the trial court entered summary judgment for the plaintiff.

The defendant moved the court to vacate the judgment and this motion was set for hearing. At the hearing the court granted the defendant's motion to file his own affidavit but denied the motion to vacate. The defendant appeals from the summary judgment which was entered by the associate judge from whom this appeal is taken and from the order denying his motion to vacate the judgment which was entered by a magistrate.

The plaintiff contends that this court should not consider the defendant's affidavit because it was filed subsequent to the entry of the summary judgment. The decision of Gliwa v. Washington Polish Loan & Building Ass'n, 310 Ill App 465, 34 NE2d 736, is cited for the principle that where a party fails to raise matters on a first hearing he cannot later come in on a motion to vacate and raise matters he should have, and could have, raised at the first hearing. The case does not so hold. The rule stated in Gliwa rather is that the allowance of such a motion ordinarily rests in the discretion of the trial court. In that case it was

147

determined that the original affidavits filed were patently evasive and the court did not feel that subsequent affidavits under such circumstances were justified. In our situation the court allowed the defendant to file his affidavit and presumably weighed it in conjunction with the pleadings and the affidavit of the plaintiff's vice-president. Assuming the affidavit consists of facts admissible in evidence there is no reason why we should not do likewise.

The affidavit of the defendant stated that he inquired of Leahy what amount he would have to pay in addition to his 1961 Ford to buy the 1963 Chevrolet and that Leahy, after making three tabulations, told him it would come to $1,009, but volunteered that he would forget the $9 and make it an even $1,000. The defendant then asked him if there would be extra charges for accessories and Leahy, after making another tabulation, said $1,000 would be the total cost including the sales tax. Leahy repeated that figure later in the evening when the defendant, after talking with his wife, returned to the sales room. The defendant thereupon said he would accept the deal and pay a $100 deposit, and would turn over his own car and pay $900 when the Chevrolet was delivered; that Leahy agreed and thereafter prepared the car order reflecting these terms which the defendant signed. The defendant stated that he and Leahy did not discuss the price of the Chevrolet but confined their conversation to what he would have to pay in cash in addition to his trade-in to obtain the car of his choice. He said he did not check Leahy's figures and had no reason to know or suspect that a mistake was being made.

A motion for summary judgment should be denied if upon examination of the record it can be fairly said that a triable issue of fact exists. Goodwin v. Bowers, 24 Ill App2d 158, 164 NE2d 278; Ray v.

The City of Chicago, 19 Ill2d 593, 169 NE2d 73. A further rule is that an affidavit in support of a motion for summary judgment will be strictly construed and that it should leave no question as to the movant's right to judgment, whereas the opposing party's affidavit deserves a liberal construction. Kern v. Chicago & E. I. R. Co., 44 Ill App2d 468, 195 NE2d 197. Viewed in this light the two affidavits filed herein disclose material contradictions as to the true intent of the parties at the time of the preparation of the car order. These affidavits by themselves would no doubt pose a triable issue of fact.

. [6-8] But the plaintiff argues that the car order is clear on its face and that the defendant's affidavit contains allegations of fact which would not be admissible in evidence because they attempt to vary the terms of an express contract. We do not find this instrument to be of such complete and definitive clarity as to invoke an absolute prohibition of extrinsic evidence. Unique Watch Crystal Co., Inc. v. Kotler, 344 Ill App 54, 99 NE2d 728. The fact that the listed price of the vehicle less the trade-in value and deposit would result in the amount claimed by the plaintiff does not in itself make the agreement certain and unambiguous. The contract itself calls for $900 as the balance due and the Illinois sales tax of $38.84 was computed on a cash payment of $900 (minus, perhaps, the "undercoating" charge of $29.95). Another ambiguity is that the sum of $900 is written in the "Credits" column. The plaintiff drew the contract and its inconsistencies should not be construed in the plaintiff's favor. A contract complete and unambiguous on its face cannot be modified or changed by parol evidence, but a contract which is ambiguous and which is subject to more that one interpretation may be explained by extrinsic evidence in order to arrive at the intention of the parties. We are of the opinion that the agreement

contains enough ambiguities to require extrinsic or parol evidence to aid in its interpretation. Hammer v. Sanders, 8 Ill2d 414, 134 NE2d 509.

██ The pleadings of the parties, their affidavits and the ambiguities of their contract show a genuine dispute on a material issue. The disagreement as to the intention of the parties and the conflicting interpretations of their contract should have been resolved by a jury or a trier of fact and should not have been disposed of summarily.

The judgment will be reversed and the cause remanded for trial.

Reversed and remanded.

SULLIVAN and SCHWARTZ, JJ., concur.