**Harold R. KEYSER, Appellant,**

v.

**H. H. LACKEY, Appellee.**

**No. 951.**

Court of Civil Appeals of Texas,
Corpus Christi.

May 15, 1975.

Curtis B. Dyer, Corpus Christi, for appellant.

Cecil D. Redford, Dyer, Redford, Burnett, Wray & Woolsey, Corpus Christi, for appellee.

## OPINION

BISSETT, Justice.

This is a personal injury case. Harold R. Keyser sued H. H. Lackey to recover damages which he allegedly sustained when the vehicle he was driving collided with a cow owned by defendant. Following a jury trial, the trial court rendered judgment that plaintiff take nothing by his suit against defendant. Plaintiff has appealed.

The accident made the basis of this suit occurred on Farm Road 2986 in San Patricio County, Texas, on November 30, 1971, at about 7:30 o'clock p. m. Plaintiff, immediately preceding the accident, was driving a wrecker truck along the road. Suddenly, several cows ran across the road in front of his vehicle. He swerved his truck in an attempt to avoid running into them. His vehicle collided with a cow that was owned by defendant. Plaintiff was injured and his truck was damaged.

Defendant, on the day of the accident, had 17 head of cattle in a pasture that was situated in close proximity to the scene of the collision. It was enclosed with a four-strand barbed wire fence. A wire gap, 12 to 14 feet wide, was installed in a portion of the fence. The gap, sometimes referred to in the record and briefs as a "gap-gate", was located near a corral and a water tank within the enclosure, and constituted a means of ingress into and egress out of the pasture. It was kept in a closed position by means of wire hoops at the top and bottom of a fence post, which were looped over the top and under the bottom of a post that was attached to the free end of the gap. The pasture was about two miles distant from defendant's residence.

Defendant, a few days before the accident occurred, had been engaged in the repair of the fences which enclosed the pasture. He stated that such repairs were "normal procedure", and that he had selected that particular time of the year for the work because it was during the "slack season". While defendant admitted that he was in the process of replacing all of the fences on the date of the accident, he further testified that on that date, the fence in its then condition, was sufficient to keep cattle in the pasture.

Defendant said that he had been to the pasture between 6:00 and 6:30 o'clock p. m. on the day of the accident, and at that time all of his cattle were in the pasture and the gap was closed. After going to the scene of the accident, where he identified the cow which was hit by plaintiff's truck as being one of his cows that ranged in the pasture, he went back to the pasture and found "that the gap was open and thrown back in the pasture". He also discovered that seven or eight other cows and a calf were then missing from the pasture. He later located the cows, but never did find the calf. The next day he inspected the fences which enclosed the pasture. He did not find any place in the fence where the cows could have gotten out of the pasture. The gap was not locked by means of a padlock, and when asked why, defendant said:

"I never thought it was necessary to be locked. And I don't think a lock will stop anybody, if they want to go in there to steal a yearling".

Defendant was of opinion that the cows got out of the pasture because the gap was down. No other witness expressed an opinion as to how they escaped the pasture.

The jury, in response to Special Issue 1, found that defendant did not fail "to maintain the type of enclosure for his cattle as would have been maintained by a person using ordinary care". That finding is not challenged by plaintiff in this appeal. In Special Issues 3 and 4, it was found that defendant's "failure to lock the gap in the fenced pasture was negligence", and that

"such failure was a proximate cause of the occurrence in question". After the verdict of the jury had been received and filed, defendant filed a motion for judgment and a motion for judgment notwithstanding the verdict of the jury, wherein he asked that the jury's answers to Special Issues 3 and 4 be disregarded, and that judgment be rendered in his favor since the only ultimate issue and only material issue was answered favorably to him. The trial court granted both motions and rendered judgment accordingly.

Plaintiff, in his first point, contends that the trial court erred in granting defendant's motion for judgment notwithstanding the jury's verdict "for the reason that there is evidence upon which the jury could and obviously did, conclude that it was negligence and a proximate cause of the accident and resulting injuries for the appellee to fail to lock the gap-gate." He does not complain of the granting of defendant's "motion for judgment".

■ It has long been the rule in this State that a trial court need submit to the jury only the controlling issues made by the written pleadings and the evidence. Texas Rules of Civil Procedure, rule 279; Wichita Falls & Oklahoma Ry. Co. v. Pepper, 134 Tex. 360, 135 S.W.2d 79 (1940).

■ It is also well settled that the trial court may, upon motion, disregard any special issue finding that has no support in the evidence, or is immaterial to the controlling issues of the case, or is merely evidentiary. T.R.C.P. 300, 301; American Mutual Liability Insurance Company v. Parker, 144 Tex. 453, 191 S.W.2d 844 (1946); Brokaw v. Collett, 1 S.W.2d 1090 (Tex.Comm'n App.1928).

No one actually saw the cattle when they got out of defendant's pasture. The only deductions that can reasonably be drawn from the evidence are: 1) someone, whose identity was not established by the record, between the hours of 6:00 and 7:30 p. m. on November 30, 1971, opened the gap and left it open; 2) the cattle escaped the pasture through the open gap; and 3) the gap remained open until it was closed by defendant after the accident had occurred.

■ Plaintiff argues that defendant was negligent because he did not secure the gap with a padlock. The argument cannot be sustained. There is no evidence: 1) that the cattle could go through the gap when it was in the upright (closed) position and kept in place by the loops; 2) that the failure to lock the gap with a padlock was negligence; 3) of any duty on the part of defendant to lock the gap with a paddock; or 4) of any custom or usage that required a person similarly situated to lock a gap in a pasture fence with a padlock. Even if it be assumed that it was negligence not to lock the gap by use of a padlock, there is not evidence that such negligence was a proximate cause of the accident. The use of a padlock would not have prevented a third person's leaving the gap down after he had opened it. The proximate cause of the accident made the basis of this suit was the act (by an unknown person) of leaving the gap open, not the failure to secure the gap with a padlock. Neither foreseeability nor cause in fact are established. There is no evidence that but for the failure to use a padlock the accident would not have occurred. The answers by the jury to Special Issues 3 and 4 have no support in the evidence, and were answers to immaterial issues. They need not have been submitted. The trial court, pursuant to defendant's motion, properly disregarded such answers and rendered judgment for defendant. The controlling issue at the trial of this case was whether the fence maintained by defendant was adequate to keep defendant's cattle within the enclosure, and nothing more. See Ramey v. Richardson, 397 S.W.2d 288 (Tex.Civ.App.—Amarillo 1965, writ ref'd n. r. e.), for a case in point. Plaintiff's first point of error is overruled.

Plaintiff, in his second point of error, complains that the trial court erred in re-

fusing to permit the introduction into evidence of certain deposition testimony by the defendant that his cows had escaped from the fenced pasture on prior occasions. While we have some doubt as to whether the actual testimony which plaintiff offered on a bill of exception is properly before this Court for appellate review, we nevertheless, do consider such testimony. Plaintiff, according to the statement of facts, offered the deposition testimony in these words:

"All right, page 10, line 20; page 12, line 19; page 22, line 12 through line 21—or line 20.

That's all."

The court then announced:

"Consider it offered for a bill".

The actual deposition testimony is not set out in the statement of facts, but a copy of defendant's deposition was physically among the exhibits which were attached to and made part of the record. Plaintiff contends that the copy, being an unnumbered exhibit to the statement of facts, constitutes part of the record on appeal, and is sufficient to inform this Court of the substance of the excluded testimony. Be that as it may, good reason exists why the point should be overruled.

The only portion of the offered testimony which is relevant to the point is found in line 12 through line 20, page 22, of the deposition. Those lines read, as follows:

"Q. Okay. Has any official body, Portland Police or County people or anybody else, at any time, before this accident occurred, notified you or warned you about your cattle being out on the roadway?

A. They notified me because up, oh, maybe a year before, the fence had gotten torn down, and they drifted. That was in the winter time with—they drifted down to the edge of Portland".

The general rule in Texas is that evidence of similar acts of negligence is inadmissible on the issue of whether a person was negligent in doing or not doing a particular act. Missouri, K. & T. Ry. Co. v. Johnson, 92 Tex. 380, 48 S.W. 568 (1898). An exception to the rule exists where a proper predicate has been laid which shows that the unrelated accident occurred at the same place under substantially similar circumstances or by means of the same instrumentality. Dallas Ry. & Terminal Co. v. Farnsworth, 148 Tex. 584, 227 S.W.2d 1017 (1950).

In this case, no predicate was laid by plaintiff for the introduction of evidence with respect to cattle having escaped from the fenced pasture on prior occasions. There is no testimony from anyone that the condition of the fences at the time the cattle got out of the pasture on prior occasions was substantially the same as when they got out on November 30, 1971, the day of the accident made the basis of this suit. On the contrary, the testimony which was offered on the bill of exception is to the effect that the cattle got out of the pasture about a year previous to the date of the accident because "the fence had gotten torn down", while the undisputed evidence in this case is to the effect that the fences which enclosed the pasture on the day of the accident would hold cattle within the pasture on that day. The conditions under which the cattle escaped on the prior occasion were not shown to be the same as those which existed on the day of the accident. The two escapes by the cattle are not connected in any special way. The offered testimony was properly excluded. Plaintiff's second point is overruled.

The judgment of the trial court is affirmed.