ROGER HERNANDEZ, Plaintiff-Appellee, *v.* TRIMARC CORPORATION, Defendant-Appellant.

First District (3rd Division)    No. 61938

Opinion filed May 20, 1976.

Francis P. Smith, of Chicago (Shaheen, Lundberg, Callahan & Burke, of counsel), for appellant.

Sidney Z. Karasik, of Chicago (Michael Kreloff, of counsel), for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, Roger Hernandez, brought this action against defendant, Trimarc Corporation, in the circuit court of Cook County to recover compensation allegedly due under a written employment agreement. Both parties sought summary judgment. After considering the affidavits and pleadings, and hearing argument, the trial court denied defendant's

motion for summary judgment. On November 24, 1974, the court granted summary judgment in favor of plaintiff in the amount of $12,875.

In June 1971, defendant hired plaintiff as its sales representative for the State of Indiana. Defendant was a small corporation seeking a product to market. Plaintiff's assignment was to sell a consignment of telescopic fishing rods. Shortly thereafter defendant decided to market the fishing rods nationally and offered plaintiff the position of sales manager to develop a national sales program.

Arrangements for plaintiff's new position were made on August 12, 1971, at a luncheon meeting with defendant's president. It was agreed that plaintiff would be paid a commission of 20 cents per rod up to 100,000 rods with a monthly draw of $1,000 until sales began to materialize. No time period for the employment was specified. During the meeting plaintiff signed a formal application for employment with defendant. Plaintiff commenced as sales manager on August 15, 1971.

A memorandum of the agreement as to compensation and other benefits was sent to plaintiff in a letter dated September 10, 1971. Therein defendant's president stated, "Your compensation will be based primarily on a sales override of .20 per rod on all sales up to 100,000 * * *." On May 26, 1972, after 36,000 rods had been sold, plaintiff was notified that his employment was terminated effective June 1, 1972.

In his complaint to recover compensation and other benefits allegedly due under the employment contract, plaintiff alleged that defendant promised to pay him 20 cents per rod on all sales up to 100,000; that plaintiff fully performed his duties under the contract; that defendant terminated his employment without just cause; and that defendant was indebted to him for the accrued commissions due and owing pursuant to the employment agreement. Plaintiff attached a copy of the letter of September 10 to the complaint.

By its answer defendant denied owing plaintiff any commissions under the agreement and alleged that plaintiff failed to perform his duties; that termination was for just cause; and, that the employment relationship was terminable at will. Thereafter defendant took plaintiff's deposition and answered interrogatories. It also filed a motion for summary judgment on the ground that the employment agreement was terminable at will. Attached to the motion was plaintiff's application for employment, dated August 12, 1971, wherein the following statement appears over plaintiff's signature.

> "Further, I understand and agree that my employment is for no definite period and may, regardless of the date of payment of my salary and wages, be terminated at any time without any previous notice."

In a supporting affidavit defendant's president stated that plaintiff had

been paid commission on all items sold up to his termination. Based on these documents, as well as portions of plaintiff's discovery deposition, defendant maintained that the employment relationship was for an indefinite period and, as a matter of law, plaintiff was not entitled to damages.

In his counter motion for summary judgment, plaintiff relied upon defendant's September 10 promise to pay him a commission "on all sales up to 100,000." That promise, plaintiff urged, superseded the indefinite tenure agreed to in the employment application and obliged defendant to pay commissions until 100,000 rods were sold. Plaintiff cited statements in his discovery deposition to establish that he had performed all his duties and that termination of his employment was without just cause.

On appeal defendant contends that the trial court erroneously granted summary judgment for plaintiff inasmuch as there were material issues of fact in dispute. Defendant also argues that the pleadings, exhibits, and deposition establish that the employment contract was for an indefinite term, and that either party could terminate at will without liability. Accordingly, defendant maintains that it was entitled to a dismissal of plaintiff's claim, and that the court erred in denying its motion for summary judgment.

■■ A motion for summary judgment is properly granted if the pleadings, depositions and admissions on file, together with any affidavits and exhibits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. (*Fooden v. Board of Governors* (1971), 48 Ill. 2d 580, 272 N.E.2d 497.) The court has the duty in such instances to construe the evidence strictly against the moving party and liberally in favor of the opponent. (*Clausen v. Ed Fanning Chevrolet, Inc.* (1972), 8 Ill. App. 3d 1053, 291 N.E.2d 202.) If there is disagreement as to any material fact the court must deny the motion and set the cause for trial. *Reith v. General Telephone Co.* (1974), 22 Ill. App. 3d 337, 317 N.E.2d 369.

■■ In an action for breach of an employment contract, plaintiff has the burden of proving the existence of the contract, its terms, and all facts essential to the cause of action. (*Long v. Arthur Rubloff & Co.* (1975), 27 Ill. App. 3d 1013, 327 N.E.2d 346.) In the present case, plaintiff was required to establish that under the employment contract he was entitled to commissions on sales of 100,000 fishing rods; that he performed all his duties under the agreement; and that his termination was without just cause.

■■ The terms under which plaintiff was employed were crucial to his case. Yet, even if the contract terms were undisputed, we do not regard the record as clear and satisfactory in proving that plaintiff performed his duties under the contract and that his termination was without just cause.

In his deposition plaintiff testified that he established, organized, and operated defendant's sales program; that the product was redesigned through his suggestions; and that all of defendant's sales were made through his efforts. In answers to interrogatories, however, defendant's president stated that plaintiff had failed to perform his duties; that plaintiff did not understand his job; and that plaintiff was negative and derogatory towards the company. Supreme Court Rule 213 (Ill. Rev. Stat. 1973, ch. 110A, par. 213) allows answers to interrogatories to be used in the same manner as depositions. Accordingly, the trial court is bound to consider answers to interrogatories, as well as other matters, in determining whether summary judgment should be granted. Defendant president's statements raised genuine issues of facts as to plaintiff's duties and the adequacy of his performance. Consequently, the trial court was required to deny plaintiff's motion for summary judgment.

We next consider defendant's contention that it was entitled to summary dismissal of plaintiff's suit. Defendant asserts that the employment relationship was for an indefinite duration and, as a matter of law, defendant could terminate at will.

■■ There appears to be no dispute that plaintiff initially was hired for an indefinite term of employment, and that either party could terminate the relationship at will. Defendant's letter of September 10, however, provides that plaintiff would be paid a commission on sales "up to 100,000." Whether this language evidences an intent to create a contract terminable upon the happening of a specified event, or merely states a maximum wage, must be determined by a trier of fact. Where there is doubt as to the meaning of a term in a contract the court must look to extrinsic evidence to discern its meaning. (*Weiland Tool & Manufacturing Co. v. Whitney* (1969), 44 Ill. 2d 105, 251 N.E.2d 242.) Defendant, therefore, is not entitled to summary judgment.

Accordingly, the judgment of the circuit court of Cook County is reversed, and the cause is remanded for further proceedings consistent with the holdings of this opinion.

Judgment reversed and remanded.

MEJDA, P. J., and McGLOON, J., concur.