**MAGIC CHEF, INC., Appellant,**

v.

**Anita SIBLEY et al., Appellees.**

**No. 15695.**

Court of Civil Appeals of Texas, San Antonio.

Jan. 12, 1977.

Rehearing Denied Feb. 9, 1977.

C. G. House, House, Mercer, House, Brock & Wilson, San Antonio, for appellant.

Bob Gibbins, Austin, for appellees.

BARROW, Chief Justice.

Appellant has perfected its appeal from a judgment entered on a jury verdict whereby appellee, Anita Sibley, individually and as next friend of her minor daughter, Sandra Jo Shifflett, recovered damages for injuries sustained by the minor as the result of a defectively designed range manufactured by appellant.

The jury found that the gas range, which was located in the apartment occupied by appellee's baby-sitter on February 9, 1967, was defectively designed at the time it was sold to the owner of the apartment complex and that this defective design was a producing cause of the occurrence in question. The five-year-old girl sustained serious and painful burns which resulted in permanent disfigurement. Substantial damages were found by the jury and judgment was entered that appellee recover the total of such amounts.

Appellant's brief contains fifty-three points of error. However, twenty-seven of these points of error have not been briefed by appellant and therefore are waived. Rule 418 [1]; Appellate Procedure in Texas, § 12.4(6) (1964). The twenty-six points briefed by appellant will be considered under seven propositions. 1. There is no evidence or insufficient evidence to support an

1. All rules references are to Texas Rules of Civil Procedure.

affirmative finding that the range was defectively designed. 2. The trial court erred in admitting evidence relating to other incidents on this or similar ranges made by appellant. 3. The liability issue is improper in that inquiry is made as to the design of the range whereas all the evidence relates to the control valves on the burners. 4. The trial court erred in refusing to submit appellant's requested issues on misuse of the range by the minor. 5. The jury argument of appellee's attorney was improper. 6. The trial court erred in admitting hearsay evidence relating to mental anguish of the minor. 7. The trial court committed fundamental error in awarding damages for future medical expenses in an amount in excess of that sought by the pleadings. It should be noted that although substantial damages were awarded appellee, appellant has no point complaining of any award other than that for future medical expenses.

Prior to the incident in question, appellee and her three minor daughters occupied an apartment at Park North Village. Each apartment in this complex was furnished with a new Magic Chef range, Model 3030 IN. This model range is equipped with four burners plus an oven, and the control valve knobs for the burners are located on the front of the range. These valves are one-motion valves which are actuated by turning the pointer. This opens the valve and permits gas to enter the line and be ignited by the pilot light.

On February 9, 1967, Mrs. Sibley was working as a secretary and she left Sandra during the working day with Mrs. Ann Crane (Bunce), who also lived in an apartment at Park North Village. About nine o'clock that morning, Mrs. Crane made a pan of fudge for her two-year-old son and Sandra. After the fudge was cooked on a front burner, she turned off the range and put the pan on a back burner to cool. She told the children they could lick the pan after it had cooled. Mrs. Crane then took her little boy into the next room to change his diaper. While she was gone, Sandra pulled a chair up to the range and leaned over to get the spoon out of the fudge pan.

The left front burner apparently ignited, Sandra's blouse caught fire, and before Mrs. Crane could extinguish the flame, Sandra was severely burned on her upper torso. She was hospitalized for over three months and is still under the treatment of a plastic surgeon. Permanent damage has been done to her breasts which will require two or three operations in the future. In addition, she has received extensive psychiatric treatment and will require more in the future.

It is now firmly established in Texas that a manufacturer is liable for unreasonably dangerous products—whether designed defectively or improperly and produced as designed, or whether designed perfectly but improperly or defectively produced. *Henderson v. Ford Motor Co.*, 519 S.W.2d 87 (Tex. 1974); *Otis Elevator Co. v. Wood*, 436 S.W.2d 324 (Tex. 1968); Restatement 2d, Torts § 395, 398 (1965).

There is evidence that the valve on this model range was designed with a torque of less than eight inch ounces. It was a one-motion valve which was turned on with only one motion. A two-motion valve, which would have cost about an additional $1.50, could not be accidentally turned on in that the knob has to be pushed in before the knob can be turned and the valve opened. There was lay and expert testimony that the torque on the one-motion valve of this model range was so slight that an accidental touch of the knob with one's clothing could cause the knob to turn. This released the gas and the pilot light would ignite it. This design was made more dangerous by the location of the control knobs so as to protrude in front of the range. The defectiveness of the design on this model range was established by the expert testimony of Dr. Henry Grady Rylander. Although he did not conduct torque tests on the range in question, he did make torque tests on two similar models made by appellant. Dr. Rylander personally observed that the burner could be turned on by brushing the control knob with the coat on his suit. In addition to this expert testimony there was lay testimony that Mrs. Crane's range had previous-

ly been accidentally ignited on other occasions by a slight touch of the body or one's clothing. We conclude that there is sufficient evidence, if it is admissible, to support the jury's finding that the range was defectively designed when purchased by Park North Village.

■ Appellant urges that this evidence of defective design was inadmissible and the trial court erred in overruling its objections to same. It asserts that the testimony of Dr. Rylander as to the torque tests conducted on other ranges was inadmissible and of no probative weight. It was conclusively established that these tests were made on the same model range as that on which Sandra sustained her injuries. All tested ranges were made by appellant and were equipped with the same type of control valves. These ranges were located in other apartments in the Park North Village. The range in question had been out of use for several years before Dr. Rylander was brought into the case by appellee's attorney and it was shown that the torque on valves changes through non-use. The trial court did not err in overruling appellant's objection to Dr. Rylander's testimony as to the tests made on Magic Chef ranges which were the same model as the one in question.

Appellant also complains of the lay testimony as to other incidents which occurred on this or similar model ranges made by appellant. Mrs. Crane testified over the objection of appellant that her range had been accidentally ignited several times prior to the occasion in question when a control knob was brushed by clothing or one's body. Mrs. Wood and Mrs. Dunlap testified, over objections, to similar experiences with the range in their own apartments at Park North Village. It was established that

these Magic Chef ranges were the same model as that in Mrs. Crane's apartment.

■ Although the question has had little consideration by Texas courts, it is recognized as a general rule that evidence of other accidents involving the same product is admissible to show its dangerous or hazardous nature if the accidents occurred under the same or substantially similar conditions as that involving the plaintiff. Annot., 42 A.L.R.3d 780 (1972). *See also Keyser v. Lackey,* 523 S.W.2d 295 (Tex.Civ.App. —Corpus Christi 1975, no writ); Davis, *Evidence of Post-Accident Failures, Modifications and Design Changes in Products Liability Litigation,* 6 St. Mary's L.J. 792 (1974). We see no difference in evidence of this type to show that the design is defective from the evidence offered by appellant that no difficulty had been experienced by any other user of this model range. The trial court did not err in overruling appellant's objections to this testimony.

■ The testimony of Dr. Rylander and the lay witnesses as to the slight torque necessary to activate the valve and thereby accidentally ignite the burner is sufficient to support the jury finding that the range in question was defectively designed at the time it was sold to Park North Village. Furthermore, there is sufficient evidence to support the finding that the defective design was a producing cause of the occurrence in question and the injuries to the minor appellee.

■ Appellant objected to the issue submitted on defective design of the range [2] and urged that the inquiry should be confined to the question of whether the valve was defectively designed. It complains on this appeal of the action of the trial court in overruling its objection. Such contention is without merit. The valve was a component part of the range and appellant is responsi-

2. The jury found substantially as follows:
 ISSUE NO. 1
 "Do you find from a preponderance of the evidence that the Model 3030 IN range manufactured by Magic Chef, Inc. was defectively designed at the time it was sold to Park North Village?
 Answer: *It was defectively designed.*"

 ISSUE NO. 2
 "Do you find from a preponderance of the evidence that such defectively designed range was a producing cause of the occurrence and damages in question?
 Answer: *It was a producing cause.*"
 Issues Nos. 3, 4, and 5 relate to damages.

ble for its use. *Malinak v. Firestone Tire & Rubber Co.,* 436 S.W.2d 210 (Tex.Civ.App.—Houston [1st Dist.] 1968, writ ref'd n.r.e.); *Standard Motor Co. v. Blood,* 380 S.W.2d 651 (Tex.Civ.App.—Houston 1964, no writ). Rule 277, as amended effective September 1, 1975, makes it discretionary with the trial court whether to submit issues broadly. Here the only issue in the case related primarily to the slight torque necessary to activate the valve although there was evidence relating to the improper location of the control knobs on the range. The issue, as framed by the trial court, fairly presented the disputed issue of defective design to the jury. The trial court did not err in inquiring broadly as to the defective design of the range.

■■■ Appellant complains of the refusal of the court to submit its requested issues on misuse. Texas courts recognize misuse as a defense in a products liability suit. The determination of whether a product is defective must be made in light of the normal uses of the product and where it is misused, strict liability does not apply. *Rourke v. Garza,* 530 S.W.2d 794 (Tex. 1975); *Heil Co. v. Grant,* 534 S.W.2d 916 (Tex.Civ.App.—Tyler 1976, writ ref'd n.r.e.). Appellant requested two series of issues which would have presented the defense of misuse. One series inquired as to whether the range was not being used in a normal and customary manner on the occasion in question. The second series inquired as to whether the range was being misused at the time of the occurrence in question. Both series included an issue on producing cause and another issue on sole producing cause.

The evidence sufficient to raise either series is weak at best. Appellant contends that the range was being misused because Sandra was climbing or crawling on top on the range when the burner ignited. There was no direct evidence that she was on top of the range; nor do the circumstances compel such a conclusion. Sandra was the only eye-witness to the occurrence. Although she was only five years old at that time, and the trial was held over nine years

later, Sandra testified that she fully recalled the events immediately prior to her injury. She testified that she wanted to get the spoon out of the pan on the back burner. To do so she pulled up the chair in that she was about the same height as the burners on the range. With the chair she could have reached the pan on the back burner without climbing or crawling on the range. She testified that she was leaning over and reaching for the spoon when she became ignited. Mrs. Crane corroborated Sandra's testimony to the extent that the chair was beside the range immediately after the incident. While we recognize that Sandra is an interested witness and her testimony is not conclusive, we doubt that there are other circumstances in the record which would raise an issue of misuse. However, it is unnecessary to determine this point since the issues as requested by appellant are not in substantially correct form.

■■■ Appellant concedes that the issues it requested do not include the element of foreseeability. It has been held by our Supreme Court that foreseeability is significant in product liability cases when the product is what it is intended and known to be, but injury is suffered because the product is misused. *C. A. Hoover and Son v. O. M. Franklin Serum Co.,* 444 S.W.2d 596 (Tex. 1969). A product is not "misused" merely because the manufacturer intended that it be used in a different manner; the manufacturer must show that the use which caused the injury was not reasonably foreseeable. *Otis Elevator Co. v. Wood, supra; Heil Co. v. Grant, supra; Ethicon, Inc. v. Parten,* 520 S.W.2d 527 (Tex.Civ.App. —Houston [14th Dist.] 1975, no writ). Evidence was introduced that appellant recognized that children would be near the ranges and that the design must take this fact into consideration. Appellant's requested issues are not in substantially correct form in that they do not include the element of foreseeability. Therefore, reversible error is not shown by the court's refusal to submit same. Rule 279.

Appellant complains by two points of improper jury argument by appellee's attorney. One point urges that the trial court erred in overruling its objection that the argument of appellee's attorney was improperly advising the jury of the effect of their verdict. The other point asserts that appellee's attorney made statements in the jury argument which were outside the record. Under these two points, appellant complains of several other statements made, without objection by appellee's attorney during his jury argument.

 The rules for appellate review of a complaint of improper jury argument have been well settled and it is unnecessary to restate same here at any length. Improper jury arguments are usually referred to as one of two types: "curable" or "incurable." If "curable," an objection must be promptly made by opposing counsel or the error is waived. On the other hand, if the argument is "incurable," the failure to object does not result in a waiver. *Otis Elevator Co. v. Wood, supra.* The test for reversal is the degree of prejudice flowing from the argument; that is, whether the argument considered in its proper setting was reasonably calculated to cause such prejudice to the opposing counsel that a withdrawal by counsel or an instruction by the court, or both, could not eliminate the probability that it resulted in an improper verdict. *Texas Sand Co. v. Shield,* 381 S.W.2d 48 (Tex.1964); *Olivares v. Travelers Ins. Co.,* 442 S.W.2d 793 (Tex.Civ.App.—San Antonio 1969, no writ).

All three jury arguments made in this case are in the record and have been reviewed by us. In his opening argument, appellee's attorney, after several minutes of argument regarding the evidence pertaining to the issues on defective design, stated:

So I say to you, if it's a defective product, then we're entitled to damages, if it's defectively designed. And if we're entitled then to damages, then I need to discuss those because they're very serious in this case. You haven't heard damages disputed by one witness, but before I leave the defective design, I have to have

that finding and I want to make sure that under the evidence that we all understand that the amount of pressure or force or torque to turn those knobs was fixed when that stove came out from Magic Chef.

At this point, appellant's attorney objected that the argument was advising the jury of the effect of their answers. This objection was overruled by the trial court.

In his closing argument, appellee's attorney stated without an objection:

Then he tries to imply that I asked for sympathy. Well, I say to you that we've never asked for any sympathy. And he says, 'They,' said this, and 'they' said that. Well, I'll tell you right now, if you don't find that this was a defective stove, if you don't find that it was, just go right down here and put zero, zero, zero, because I will have failed in meeting my burden of proof. It will be the same thing. School's out. I say to you that we tilted the scales ever so slight, and we've got to have an 'It was,' answer to No. 1, that it was defective, which means merely that it was unreasonably dangerous.

 It is improper under our special issue submission to advise the jury of the effect of their answers. *Cooper v. Argonaut Ins. Co.,* 430 S.W.2d 35 (Tex.Civ.App. —Dallas 1968, writ ref'd n.r.e.). It was thus improper for appellee's attorney to advise the jury, in effect, by these statements, that it was necessary to secure a finding that the stove was defective before appellee could recover damages. However, we cannot say from our examination of the entire record that such argument was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case.

 There were only two liability issues in the case: was the design defective, and if so, was the defective design a producing cause of the occurrence in question? The entire case was tried upon this simple theory. It was thus obvious to the jury before appellee's argument that appellee's suit was based on the contention that the occurrence

was caused by appellant's defective design of the range. Otherwise, there was no basis for recovery against appellant. *See Grieger v. Vega,* 153 Tex. 498, 271 S.W.2d 85 (1954); *Cirilo v. Cook Paint and Varnish Co.,* 476 S.W.2d 742 (Tex.Civ.App.—Houston [1st Dist.] 1972, writ ref'd n.r.e.). Although the first statement was marginal as to its impropriety, appellant did not object to the second and much more direct statement by appellee's attorney. We think an instruction by the trial court for the jury not to consider the effect of their answers would have "cured" the vice in this and the other arguments in a similar vein. Since we cannot say that such improper argument was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case, it is therefore harmless error. Rule 434.

Appellant also complains that appellee's attorney made statements in his jury argument which were outside the record regarding appellant's right to inspect the range. These statements, which were made without objection, were in answer to appellant's argument that if the range was defective, it would have been produced in court since one of appellee's attorneys had possession of the range. Reversible error is not shown by this argument. Nor was it error for appellant to argue the effect of a request for admission which was read to the jury without objection. Appellant correctly points out that the request should not have been read to the jury as it was never answered under instructions of the court; but since it was read to the jury without objection, error is not shown by commenting upon same in the argument. Furthermore, an objection to this statement would undoubtedly have been sustained by the court. Appellant's points complaining of improper jury argument are overruled.

Appellant complains by two points of the admission of hearsay testimony which was introduced by appellee in an effort to show the mental anguish suffered by the minor girl. It is unnecessary to consider these points in that no complaint is made of the amount of damages awarded for mental anguish suffered by the minor.

Appellant's final points complain that the judgment awards appellee the sum of $10,-000.00 for future medical expenses, whereas the pleadings sought only the sum of $5,000.00. The primary question before us is whether appellant may complain of this discrepancy for the first time on appeal.

Rule 301 provides in part that:

The judgment of the court shall conform to the pleadings, the nature of the case proved and the verdict, if any, and shall be so framed as to give the party all the relief to which he may be entitled either in law or equity.

Rule 324 provides in part that:

[A] motion for new trial shall be filed as a prerequisite to appeal; provided that neither a motion for new trial nor an assignment therein shall be a prerequisite to the right to complain on appeal of the action of the court in giving a peremptory instruction, or in withdrawing the case from the jury and rendering judgment, or in rendering or refusing to render judgment non obstante veredicto or notwithstanding the finding of the jury on one or more special issues, or in overruling a motion for judgment on the verdict made by the party who becomes appellant;

. . . .

Since the error in not conforming the judgment to the pleading does not come within any of the exceptions to the requirement that the points must be presented by an assignment in a motion for new trial as a prerequisite to appeal, appellant's points have been waived unless they constitute fundamental error.

Although the Supreme Court has not undertaken to give an all-inclusive definition of fundamental error, it has stated that the field is a narrow one and has set down general rules to be followed in determining whether a judgment will be reversed on unassigned error. Generally speaking, the Supreme Court has limited its holdings of fundamental error to important matters directly and adversely affecting the public, and to questions of jurisdiction, particularly

jurisdiction of the court over the subject matter in litigation. *See Central Surety & Ins. Corp. v. Anderson,* 445 S.W.2d 514 (Tex.1969); *Newman v. King,* 433 S.W.2d 420 (Tex.1968); *State v. Sunland Supply Co.,* 404 S.W.2d 316 (Tex.1966); *McCauley v. Consolidated Underwriters,* 157 Tex. 475, 304 S.W.2d 265 (1957); *Ramsey v. Dunlop,* 146 Tex. 196, 205 S.W.2d 979 (1947).

The trial court's error in entering judgment in this cause for future medical expenses in accordance with the jury verdict, but in excess of that sought by appellee's pleading, would not constitute fundamental error. Since this error was not preserved by an assignment in appellant's motion for new trial, it may not be considered on this appeal. Rule 374.

We have considered all points of error briefed by appellant and conclude that reversible error is not presented. Accordingly, the judgment of the trial court is affirmed.