JULIE SCHIERER, a Minor, by Rosalie Schierer, her Mother and Next Friend, Plaintiff-Appellant, *v.* AMERITEX DIVISION, UNITED MERCHANTS AND MANUFACTURERS, INC., *et al.*, Defendants.—(SEARS ROEBUCK AND CO., Defendant-Appellee.)

Third District   No. 79-221

Opinion filed February 11, 1980.

BARRY, J., dissenting.

Gary L. Clark and Frederick W. Allen, both of Peoria, for appellant.

W. Thomas Johnston, of McConnell, Kennedy, Quinn & Johnston, of Peoria, for appellee.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

This is a personal injury action on behalf of Julie Schierer, brought by

Rosalie Schierer, her mother and next friend, against Sears Roebuck and Co. (Sears) on a theory of strict liability in tort. Plaintiff-appellant's parents purchased a gas range from Sears in 1969. The range has four burners on top. The knobs which operate the burners are located across the front of the stove and on top of the stove on a small ledge. They are single motion knobs, *i.e.*, to turn on the burners all one need do is turn the knob. On the evening of May 15, 1970, Julie Schierer was three years old and was wearing a floor-length nightgown. She had pulled a chair up and climbed on the stove to put a spoon on a rack on the wall above the stove. Her father, James Schierer, was in the bathroom next to the kitchen when he heard Julie scream. He went immediately to the kitchen and saw Julie on top of the stove, her nightgown engulfed in flames from the bottom up. The action was originally filed on November 14, 1973, against several defendants. On July 16, 1976, defendant-appellee Sears was added as a party to the action. Sears filed a motion for summary judgment which was allowed on October 13, 1977. Plaintiff-appellant filed a motion to vacate the summary judgment and filed an affidavit in support thereof. The trial court refused to consider the affidavit and denied the motion to vacate. On appeal, appellant raises three issues: (1) whether the trial court erred in granting the summary judgment; (2) whether the trial court erred in refusing to consider the affidavit filed by the appellant in support of her motion to vacate the summary judgment; and (3) whether the trial court erred in denying the plaintiff's motion to vacate. We affirm.

■■ ■ The first issue we deal with is whether the trial court erred in granting summary judgment for Sears. The principles regarding a reviewing court's review of a trial court's disposition of summary judgment motions are well settled. A motion for summary judgment should be granted only where there is no genuine issue of material fact. (*Carruthers v. B. C. Christopher & Co.* (1974), 57 Ill. 2d 376, 313 N.E.2d 457.) Whether or not such an issue exists is to be determined by the court from the pleadings, depositions, affidavits and exhibits in each case. (*Hernandez v. Trimarc Corp.* (1976), 38 Ill. App. 3d 1004, 350 N.E.2d 202.) In interpreting the pleadings, the movant's motion for summary judgment and its supporting documents must be strictly construed, while the respondent's counteraffidavits and supporting documents must be liberally construed. (*Littrell v. Coats Co.* (1978), 62 Ill. App. 3d 516, 379 N.E.2d 292.) The purpose of a summary judgment motion is not to litigate issues of fact, and although different inferences may be drawn from undisputed facts, the motion should be granted only where reasonable men could not draw divergent inferences from the undisputed facts (*Century Display Manufacturing Corp. v. D. R. Wager Construction Co.* (1977), 46 Ill. App. 3d 643, 360 N.E.2d 1346).

In the instant case the facts are undisputed. The Schierers bought a

gas range from Sears, Julie climbed on top of the stove, and when her father came into the kitchen in response to Julie's screams, he saw her nightgown in flames from the bottom up. The trial court granted summary judgment for Sears, holding that, on these facts, defendant was not strictly liable in tort as a matter of law. Appellant claims that reasonable men could draw inferences from which defendant might be held strictly liable. We disagree.

In *Suvada v. White Motor Co.* (1965), 32 Ill. 2d 612, 623, 210 N.E.2d 182, the supreme court held that for defendants to be strictly liable, "[t]he plaintiffs must prove that their injury or damage resulted from a condition of the product, that the condition was an unreasonably dangerous one and that the condition existed at the time it left the manufacturer's control." In other words, the plaintiffs must prove three things: (1) the condition of the product was unreasonably dangerous, (2) the condition existed when it left the seller's control, and (3) the condition was a proximate cause of the injury. Appellant must show that all these things existed to impose strict liability, and to so prove must at least show facts from which these prerequisites may be inferred. There is no doubt that the alleged unreasonably dangerous condition of the stove existed when it left Sears' control. There are also facts in evidence from which it is possible to infer that the condition of the stove proximately caused Julie's injuries. However, we believe that appellant failed to provide any facts or evidence to show that the condition of the stove was unreasonably dangerous.

An unreasonably dangerous condition is one which is unsafe with respect to a use intended or reasonably foreseeable by the manufacturer. (*Winnett v. Winnett* (1974), 57 Ill. 2d 7, 310 N.E.2d 1; *Dunham v. Vaughan & Bushnell Manufacturing Co.* (1969), 42 Ill. 2d 339, 247 N.E.2d 401.) In the instant case, appellant failed to present any evidence that the range is unsafe for its intended or foreseeable use. The record before the trial court contained nothing more than the bare allegation that the gas range was unreasonably dangerous because it was a single motion knob and did not contain a latching type valve. In response to interrogatories by Sears, appellant stated that no expert witness existed who was of the opinion that the gas range in question was in an unreasonably dangerous condition. Appellant was also unable to give any manufacturers of gas ranges who use a latching-type valve instead of a single-motion knob. Appellant never complained to Sears about the condition of the stove prior to the accident, and the stove is still in use to the present day. Appellant states that the stove was once turned on inadvertently. However, one such incident is hardly adequate to find a stove "unreasonably dangerous." It is clear from this portion of the record that there is no evidence that the stove was unreasonably dangerous.

Appellant argues that it was a jury question as to whether or not it was foreseeable that a three-year-old would climb on top of the stove and, because of that, it was a jury question as to whether or not the stove was in an unreasonably dangerous condition. We disagree.

In *Winnett v. Winnett* (1974), 57 Ill. 2d 7, 310 N.E.2d 1, the court held that "[f]oreseeability means that which it is *objectively reasonable* to expect, not merely what might conceivably occur." (Emphasis in original.) (57 Ill. 2d 7, 12-13, 310 N.E.2d 1, 5.) In *Winnett* a four-year-old girl was visiting her grandfather's farm, placed her hand on a conveyor belt on a forage wagon and was injured. In holding that the manufacturer of the wagon was not strictly liable, the court stated that the manufacturer has a duty to make a product reasonably fit for its "intended use" and this did not include use by a four-year-old. The court also stated that it was not objectively reasonable to expect that a four-year-old would put her hand in a screen on a forage wagon.

■■ In the instant case it is obvious that the intended use of the stove did not embrace use by a three-year-old child. We also believe that the manufacturer could not have reasonably foreseen the facts of this case. It is clear that the nightgown which Julie was wearing was extremely flammable. At the time the accident occurred Julie was wearing, in addition to the nightgown, panties, socks and shoes. And while the nightgown caught fire, the panties, socks and shoes were not burned in any way. We believe that it was not objectively reasonable for the manufacturer to expect that a three-year-old would climb up on a chair and then up on top of the stove while wearing a very flammable nightgown.

■■ We realize that the question of foreseeability is usually a jury question, but the facts in the present case compel us to rule that a jury could not find that the circumstances in the instant case were reasonably foreseeable to the seller of the stove. While in retrospect it can be argued that the unfortunate event in this case could conceivably occur, it can be argued that almost any occurrence is conceivable. To impose liability on such grounds would transform manufacturers and sellers into insurers of their products, a position rejected by *Suvada*. Thus, liability must be restricted to occurrences that are reasonably foreseeable, and in this case we believe that they were not. Since the accident did not occur within the stove's intended use, nor was the use which resulted in the injury reasonably foreseeable, we believe the trial court was correct in granting summary judgment for Sears.

■■ Appellant's second issue on appeal is that the judge erred in not considering the affidavit in support of appellant's motion to vacate the summary judgment. The affidavit contained testimony by an expert witness that the stove was unreasonably dangerous and that latching-type

valves had been in existence in the industry and had been used in the industry for many years. Appellant's first argument is that section 57(3) of the Illinois Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 57(3)) mandates consideration of the affidavit in support of the motion to vacate. We disagree. Section 57(3) merely provides that the opposing party may file counteraffidavits prior to or at the time of the hearing on the motion for summary judgment. There is no language regarding the filing of a counteraffidavit after the hearing and judgment. This is so that the trial judge will have everything before him which the parties intend in support of their position before he makes a decision. If appellant would be entitled to add affidavits after the hearing as a matter of right, then the trial court would be forced to continually reconsider previous rulings any time the losing party decided to add affidavits which were not presented at the time of the initial hearing. Therefore, affidavits may not be added to appellant's case as a matter of right.

The rule in Illinois is that the allowance of affidavits presented for the first time in a motion to vacate a summary judgment is within the discretion of the trial court, based upon the circumstances in the case. (*Des Plaines Motor Sales, Inc. v. Whetzal* (1965), 58 Ill. App. 2d 143, 206 N.E.2d 806.) We do not believe that the trial court abused its discretion. The accident occurred in May 1970, and the hearing for summary judgment did not take place until October 1977. When interrogatories were sent out in March 1977, plaintiff had no expert witness to support her position. An additional seven months went by before the summary judgment motion was heard and granted. Further, the affidavit was not filed until almost six months after the motion to vacate was filed and only two days before the hearing. No explanation was given as to why the affidavit was not available earlier. Under these circumstances, it was not an abuse of discretion not to consider the affidavit.

Appellant's final argument is that it was error for the trial court not to vacate the summary judgment. Since we find that the granting of summary judgment was proper for the reasons stated previously and that there was no abuse of discretion in not considering the affidavit, there was no error in failing to vacate the summary judgment.

For the above mentioned reasons, the judgment of the circuit court of Peoria County is affirmed.

Judgment affirmed.

STENGEL, J., concurs.

Mr. JUSTICE BARRY, dissenting:

I am compelled to dissent in this case because I feel that given the contents of the affidavit submitted by the plaintiff in support of her

motion to vacate the summary judgment, the trial court's refusal to consider the affidavit was a clear abuse of discretion. In affirming the trial court, the majority places a great deal of emphasis on the fact that the plaintiff failed to produce any evidence that the range in question was unreasonably dangerous. However, such evidence was in fact contained in the affidavit of Marvin Salzenstein presented to support the plaintiff's motion to vacate. As an expert, Mr. Salzenstein's findings with regard to the ease with which the single-motion control knobs on the stove could be turned are of considerable probative force, and similar findings have been held sufficient to establish that ranges with these types of control knobs are defectively designed and therefore unreasonably dangerous. *Magic Chef, Inc. v. Sibley* (Tex. Civ. App. 1977), 546 S.W.2d 851.

The importance of Mr. Salzenstein's affidavit in support of the motion to vacate the summary judgment is indisputable. However, the trial court refused to consider it when ruling on the motion, ostensibly because the plaintiff had been less than diligent in obtaining an expert and delayed in submitting the affidavit. We agree with the majority that whether affidavits pursuant to a motion to vacate a summary judgment are to be considered is within the discretion of the trial court (*Des Plaines Motor Sales, Inc. v. Whetzal* (1965), 58 Ill. App. 2d 143, 206 N.E.2d 806), but that discretion is not unbounded. The trial court may only exercise its discretion within the parameters of equity and justice, and if the discretionary action of the trial court results in manifest injustice to a litigant, this court must not passively condone it.

In the instant case the contents of Mr. Salzenstein's affidavit not only supplied evidence to prove that the range was unreasonably dangerous, but also gave vitality to the plaintiff's motion to vacate. The trial court's refusal to consider the affidavit effectively prevented the plaintiff from bringing forward that evidence which was so essential to her case and made the denial of the motion to vacate a foregone conclusion. I do not believe that such a harsh result is mandated by the mere delay in submitting the affidavit. A trial court should not exercise its discretion in the same manner that it would apply a statutory time limitation, but rather should, and indeed must, weigh the equities of each individual case before reaching a decision. Under the facts of this case, I believe the delay in submitting the affidavit, without more, is insufficient reason to refuse to consider its contents, and the trial court's decision to rule on the motion sans affidavit does not aid in the furtherance of justice. I would reverse and remand for consideration of the plaintiff's motion to vacate, accompanied by Mr. Salzenstein's affidavit.