JOYCE L. KAPLAN, Indiv. and as Special Adm'r of the Estate of Yury Kaplan, Deceased, *et al.*, Plaintiffs-Appellants, v. RAY DISERA *et al.*, Defendants (Balmoral Racing Club, Inc., Defendant-Appellee).

Third District   No. 3—89—0111

Opinion filed July 5, 1990.—Rehearing denied August 1, 1990.

BARRY, J., dissenting.

Thomas E. McClure and Roger C. Elliott, both of Elliott & McClure, of Bourbonnais (Paul F. Michel, of counsel), for appellants.

O'Reilly, Cunningham, Norton & Mancini, of Wheaton (James L. DeAno, of counsel), for appellee.

PRESIDING JUSTICE HEIPLE delivered the opinion of the court:

Plaintiffs brought a cause of action for damages against defendants in connection with a three-car accident on December 7, 1986. The complaint sought, among other things, recovery from defendant Balmoral Racing Club (Balmoral) under the Dramshop Act (Ill. Rev. Stat. 1985, ch. 43, par. 135) and for negligent construction or maintenance of entrance and exit gates. At trial, the court granted summary judgment in favor of defendant Balmoral on both issues. The trial court subsequently denied plaintiffs' motion to reconsider. Plaintiffs appeal from the order granting summary judgment in favor of defendant Balmoral. We affirm.

According to the allegations of the complaint, Cynthia Dover, James Dover, and Ray Disera had attended a party at the racetrack during the afternoon of December 7, 1986. After the day's racing program ended, the Dover automobile allegedly exited the racetrack parking lot via gate 4, followed by the Disera vehicle. Affidavits in the record indicate that Ray Disera was uncertain of the way to return to Joliet from the track and that it was agreed that he would

follow the Dover car, which he did. After turning onto the public highway, the Disera vehicle struck the Dover automobile in the rear, crossed the center line, and collided with an oncoming car driven by plaintiff Joyce Kaplan. As a result of the collision, Yury Kaplan, husband of Joyce Kaplan, was killed and passengers Jennifer Flynn and James Lehmann were injured.

The complaint in this cause included numerous counts against each defendant. Eventually the counts against Cynthia Dover, James Dover, and Ray Disera were dismissed, leaving only those against Balmoral. Five of those counts seek recovery for violations of the Dramshop Act, particularly on the ground that Balmoral sold alcoholic liquor to James Dover, Cynthia Dover, and Ray Disera, all of whom drank the liquor and became intoxicated.

The remaining five counts alleged that Balmoral was negligent in creating and maintaining gate 4 so that motor vehicles leaving the racetrack were not visible to traffic on the highway and so that traffic on the highway was not visible to patrons leaving the racetrack. Plaintiffs also alleged that defendant failed to warn of a hazardous intersection, failed to install regulatory signs or traffic control devices, and failed to design gate 4 so as not to interfere with normal traffic flow on the highway.

Defendant Balmoral filed a motion for summary judgment supported by excerpts from depositions of Cynthia Dover and James Dover in which both stated that Cynthia had consumed no alcohol on the day of the accident and that she was not intoxicated at the time of the collision.

Cynthia further asserted in her deposition that she exited through gate 3, near which she had parked, and that she turned right onto the highway and proceeded north for three-tenths of a mile until, as she neared the lighted area of gate 4, she was struck from behind by the Disera vehicle. She stated that traffic entering or exiting at gate 4 had nothing to do with the accident since there were no cars coming out or entering that gate as she approached it or as she felt the impact of the collision. She further stated that in her opinion, neither the design nor construction nor maintenance of gate 4 and the driveway leading to gate 4 had anything to do with the accident.

Plaintiffs responded to the motion for summary judgment by filing an affidavit of the police officer who investigated the accident. He stated that at the scene Cynthia Dover told him that she exited through gate 4 prior to being struck from behind by the Disera vehicle. The officer also asserted that Ray Disera, Cynthia Dover, and James Dover told him that they had been drinking at the party prior

to the collision, that Cynthia said she had had several drinks, and that James was intoxicated and having trouble with his balance.

■■ Plaintiffs also submitted an unsigned document titled "Public Incident Report" which contained a disclaimer that it was not prepared in the ordinary course of business. Since unsigned and unsworn statements cannot be considered upon a motion for summary judgment, we must disregard that document and its contents. *Cato v. Thompson* (1980), 83 Ill. App. 3d 321, 403 N.E.2d 1239.

Following the court order granting summary judgment, plaintiffs filed a motion to reconsider, in response to which defendant filed an affidavit of Ray Disera asserting that he was not intoxicated on December 7, 1986, and that he experienced no impairment of his mental or physical faculties as a result of drinking alcoholic beverages that day. The trial court denied the motion to reconsider.

Examining first the dramshop counts, plaintiffs insist that there is a material issue of fact as to the issue of intoxication. They point primarily to the fact that Cynthia Dover's deposition denying that she consumed any alcoholic liquor on the day of the accident is directly contradicted by her statement at the scene of the accident that she had been drinking. Obviously, whether Cynthia consumed any liquor that day is a disputed fact in the record before us. However, we cannot say that it is a material fact necessitating a trial.

■■ Evidence of the consumption of alcohol is not evidence of intoxication. (*Taylor v. City of Chicago* (1983), 114 Ill. App. 3d 715.) In *Clay v. McCarthy* (1979), 73 Ill. App. 3d 462, we held that evidence of consumption of alcohol is not admissible unless there is supporting evidence of intoxication which reveals impaired mental and physical faculties with a resultant diminution in the ability to think and act with ordinary care.

■■ ■ Evidence which would be inadmissible at trial may not be considered in support of or in opposition to a motion for summary judgment. (*People ex rel. First National Bank v. City of North Chicago* (1987), 158 Ill. App. 3d 85.) The only evidence of intoxication was the investigating officer's affidavit stating that he believed James Dover, a passenger in the Dover vehicle, was intoxicated. The two drivers involved in the accident, Cynthia Dover and Ray Disera, each asserted by affidavit that they were not intoxicated at the time. There being no admissible evidence to the contrary, the summary judgment in favor of defendant on the dramshop counts was appropriate.

Plaintiffs argue that the trial court abused its discretion in permitting defendant to file the Disera affidavit in response to plaintiffs' motion to reconsider, particularly in view of the court's refusal to al-

low plaintiffs leave to submit additional evidence in support of their motion. A stipulated report of the proceedings at the hearing on the motion to reconsider states that plaintiffs did not tender any additional evidence nor did they indicate what additional evidence they could produce if leave were granted.

■■ ■ Affidavits may not be added by either party as a matter of right after a hearing and decision on a motion for summary judgment, but rather the allowance of affidavits presented for the first time in connection with a motion to vacate is within the discretion of the trial court. (*Schierer v. Ameritex Division, United Merchants & Manufacturers, Inc.* (1980), 81 Ill. App. 3d 90, 400 N.E.2d 1072.) According to the record in the case before us, extensive discovery had been pursued in this case, including written interrogatories and depositions. Plaintiffs' failure to indicate what evidence of intoxication they could produce in support of a motion to reconsider was sufficient justification for the court's refusal to grant additional time. The court's ruling is not indicative of any fundamental unfairness in the rulings of the court. Justice may be served by the prompt disposition of a motion to reconsider which would otherwise delay the final disposition of the cause. We find no error in the procedure followed by the trial court as to the dramshop counts.

■■ We similarly find no error in the trial court's disposition of the negligence cause of action. As aforesaid, plaintiffs alleged that gate 4 of defendant's track complex was negligently designed, constructed and maintained so that vehicles exiting gate 4 could not be seen by highway traffic and so that vehicles on the highway could not see vehicles exiting gate 4. Defendant offered Cynthia Dover's deposition statement that she exited via gate 3, not gate 4, and plaintiffs countered with her statement at the scene to the investigating police officer that she had come out onto the highway through gate 4. Plaintiffs maintain that these contradictory statements plainly indicate a genuine issue of material fact. There appears to be some question about which gate the Dover vehicle actually exited, but resolution of that question is not germane to this case.

The record reveals that the accident occurred when two cars driven by defendants Dover and Disera exited Balmoral Racetrack, one following the other, and, while on the highway, the back car rear-ended the front car, crossed the center lane and collided with an oncoming car. The evidence presented indicates that the design, construction and maintenance of gate 4 was not the cause of the accident because the Dover (the front) vehicle had traveled three-tenths of a mile on the highway before being rear-ended. The evidence presented

offers nothing to support the theory that the accident was in any way related to gate 4. Regardless of which gate the parties exited, the Disera vehicle failed to reduce speed to avoid hitting the Dover vehicle. Plaintiffs' involvement was a direct result of Disera's vehicle hitting Dover's vehicle, and the evidence suggests nothing else. Therefore, the summary judgment in favor of defendant on the negligence counts was appropriate.

For the foregoing reasons, the judgment of the circuit court of Will County is affirmed.

Affirmed.

STOUDER, J., concurs.

JUSTICE BARRY, dissenting:
Because the question of which gate the Dover and Disera vehicles used to enter the highway is material to the negligence cause of action, I would reverse the summary judgment entered in favor of defendant on the negligence counts. Hence, I must dissent from the majority decision as to that question.

The majority concludes that the design and construction of gate 4 could not possibly be the cause of the accident because the Dover vehicle had travelled three-tenths of a mile on the highway before being rear-ended.

If, as Cynthia Dover stated in her deposition, the Dover vehicle exited at gate 3 and slowed down as it approached gate 4 because of poor visibility of traffic using gate 4, the design and construction of gate 4 could be relevant to the issue of proximate cause even if there was no traffic actually using gate 4 at the time.

On the other hand, if, as Cynthia Dover stated to the police officer at the scene, the Dover vehicle exited gate 4 and travelled three-tenths of a mile before the accident, the design and construction of gate 4 would be irrelevant.

Given the material nature of these contradictory factual assertions, and the credibility issue raised thereby, I would conclude that the trial court erred in entering summary judgment as to the negligence cause of action. The issue of which gate was used should be determined by the trier of fact.

I agree with the majority that summary judgment as to the dramshop counts should be affirmed.