James F. Goodwin, Inc., Plaintiff-Appellee, v. George W. Bowers Company, Inc., Defendant-Appellant.

**Gen. No. 47,823.**

First District, First Division.
February 1, 1960.
Released for publication February 24, 1960.

McCarthy, Witry, Lyon, and McCarthy, of Chicago, for appellant.

Roger W. Barrett, John T. Moore, and Edward R. Lev, all of Chicago (Mayer, Friedlich, Spiess, Tierney, Brown, and Platt, of counsel) for plaintiff.

PRESIDING JUSTICE DEMPSEY delivered the opinion of the court.

James F. Goodwin, Inc., brought this suit to recover unpaid rent from George W. Bowers Co., which was the guarantor of two defaulted leases. The defendant denies there was consideration for its guarantee, and appeals from a summary judgment entered in favor of the plaintiff.

In 1954 Goodwin leased two premises to Peter Epsteen Motors, Inc., for five years. On February 3, 1955, Epsteen assigned the leases to Lancer Motor Sales Co.; Lancer agreed to assume the obligations of Epsteen and Goodwin consented to the assignment. The Bowers company guaranteed the obligation of Lancer. In 1958 Lancer became bankrupt. Thereafter Goodwin demanded the rent from Bowers, but Bowers refused to pay.

The plaintiff's statement of claim said that the defendant, on the 3rd of February, guaranteed the obligations of Lancer in consideration of the plaintiff's consent to the assignment of the leases to Lancer. The defendant denied any consideration whatsoever for its guarantee. This was the sole issue created by the pleadings.

The plaintiff submitted two affidavits of its president, James F. Goodwin, in support of its motion for summary judgment; the defendant filed four affidavits of its president, George W. Bowers, in opposition to the motion. The affidavits were deficient in supplying details of the negotiations between the parties. However, some information, other than revealed in the pleadings, did emerge from them.

159

The second Goodwin affidavit made this further point: a corporate resolution was passed by the Bowers company on February 3, 1955, authorizing its officers to guarantee the lease; that this resolution supported the defendant's guarantee, and both induced the plaintiff's consent to the assignment of the lease to Lancer; and that it would not have consented except for the guarantee and the resolution.

The affidavits of Bowers made the following points:

(1)  The lease was signed and delivered to Lancer by Goodwin on February 3, 1955, and the premises were turned over to Lancer in the evening of that day.

(2)  Bowers' guarantee was not executed until February 4, 1955; it was done at the request of Goodwin, which request was not made until the assignment and consent were complete in all particulars.

(3)  Goodwin had no knowledge of the corporate resolution until February 24, 1955.

An examination of the exhibits attached to the statement of claim sheds some more light on the transaction. From the exhibits these facts, favorable to Goodwin, appear:

(1)  George W. Bowers was the president of both Lancer Motor Sales Co., and George W. Bowers Co., and as president of Lancer he signed its agreement to the assignment.

(2)  The guarantee is on the same instrument as the assignment, the agreement of the assignee and the consent to the assignment.

(3)  The guarantee stated—"By unanimous vote in joint shareholders and directors meeting, George W. Bowers Company, Inc., guarantees the obligation of Lancer Motor Sales Co." As its president, Bowers signed the guarantee.

160

The exhibits disclose certain facts favorable to Bowers:

(1) The guarantee appears to have been inserted, between the agreement of the assignee and the consent to the assignment, after these had been typed on the instrument.

(2) The guarantee apparently was written by a typewriter different from the one used for the balance of the instrument.

(3) It is undated.

(4) The consent does not mention the guarantee. It states that it is given in consideration of the agreement by Lancer to accept the obligations of the lease.

The defendant contends that the summary judgment was improperly granted because there is an issue of fact, raised by the pleadings and amplified by the affidavits, whether the assignment was executed, accepted, delivered and consented to before the guarantee was requested, or whether the consent was induced by the guarantee. The plaintiff argues that the conclusion is inescapable that the guarantee constituted a part of the original deal and therefore there is no factual issue which has to be decided.

Section 57 of the Civil Practice Act (Ill. Rev. Stat. 1957, ch. 110, par. 57) provides that a summary judgment should be rendered if the pleadings and affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment or decree as a matter of law."

The problem in this case gets down to the genuineness of the issue raised by the defendant, for there can be no doubt there is an issue between the parties on a very material fact. The trial court must have decided that the defense was not genuine. There is much to be said in favor of the court's conclusion—

the consent and the guarantee being in the same instrument; the propinquity of the transactions; the dual capacity of Bowers as president of the assignee and of the guarantor, and the corporate resolution of the guarantor. All are important factors which could cause reasonable men to believe that the guarantee was executed as part of the original transaction.

However, we think other men, just as reasonable, could conclude, from the affidavits and a scrutiny of the exhibits, that securing the guarantee was an afterthought and was not a concurrent consideration which influenced the plaintiff to consent to the assignment. ██ We think a genuine issue of fact has been raised. Our opinion might be otherwise if the affidavits had given us more information—such as the conversations of the principals and other pertinent data surrounding the negotiations. Unlike Allen v. Meyer, 14 Ill.2d 284, where all the material facts were before the court and where the pleadings, affidavits and depositions gave the court a detailed picture of the case, the affidavits here, on the one material issue, contained general allegations, contentions and conclusions. They do not give us sufficient insight into the dealings that took place. There need be no limitation of evidence in summary judgment affidavits. They are not restricted as are pleadings. They are a substitute for testimony taken in open court and can contain as much pertinent information as the affiant could competently testify to if he were sworn as a witness. ██ In a proper case the expediency of summary judgment proceedings is obvious, and its use should be encouraged. However, in this case there is a factual issue which must be submitted to a jury or a judge for determination. Diversey Liquidating Corp. v.

Neunkirchen, 370 Ill. 523; Shirley v. Ellis Drier Co., 379 Ill. 105.

Judgment reversed and cause remanded.

SCHWARTZ and McCORMICK, JJ., concur.