**Ludwig A. Hirz, Plaintiff-Appellant, v. Stephen Lee and Lillian H. Lee, Defendants-Appellees.**

**Gen. No. 48,889.**

First District, First Division.

May 6, 1963.

Greenstein and Solotke, of Chicago (Gerald M. Chapman and Edwin H. Shanberg, of counsel), for appellant.

Alfred M. Loeser, of Chicago, for appellees.

MR. PRESIDING JUSTICE BURMAN delivered the opinion of the court.

Plaintiff sued in the Municipal Court of Chicago to recover $1,224, the balance due for labor and materials furnished by plaintiff at defendants' premises at 1237 Carmen Avenue. Defendants made a general denial and further alleged that plaintiff had performed the work in an unworkmanlike manner. Later, in a bill of particulars, defendants raised the further defense that no permit had been issued for the work as required by Chapter 43 of the Municipal Code of the City of Chicago. On March 6, 1962, defendants made a motion for summary judgment, supported by affidavit. Principal reliance was placed on the fact that no permit had been issued and summary judgment was granted. On the same day plaintiff moved to vacate and on April 2, 1962, filed a counteraffidavit stating that he was only one of several tradesmen on a remodeling job and that defendants' architect had informed him that defendant Stephen Lee had stated he would procure the necessary building permits. The

judgment was not vacated and plaintiff appeals from both the order granting summary judgment and the refusal to vacate.

The principal question before us is whether, as a matter of law, the absence of a building permit for the work in question is a complete defense to an action for labor and material furnished by plaintiff. The pertinent provisions of the Municipal Code (Chapter 43) are as follows:

> Section 1: It shall be unlawful to proceed with the erection, enlargement, alteration, repair, removal, or demolition of any building, structure or structural part thereof within the City unless a permit therefor shall have first have been obtained from the Commissioner of Buildings. . . .

> Section 11: No person shall begin any work for which a building permit is required or any work of excavation in preparation therefor until the permit has been obtained. If any person violates this section, the Commissioner of Buildings shall order the work stopped at once and enforce that order in addition to the penalty for the violation.

It is defendants' contention that no recovery may be had on the contract because the lack of a building permit made the contract illegal. In support of this contention defendants cite Bairstow v. Northwestern University, 287 Ill App 424, 5 NE2d 269; Litwin v. Pioneer Trust & Sav. Bank, 347 Ill App 75, 105 NE2d 807; and Ideal Bldg. Material Co. v. Benson Concrete Co., 273 Ill App 519.

In both Bairstow and Litwin the contractor attempted to enforce a mechanic's lien for work done, although permits had not been issued, as required by ordinances similar to that of the instant case. In each recovery was denied. However, there is a vital distinction between these cases and the instant case. The

contractors in both Litwin and Bairstow had undertaken the responsibility of securing the necessary permits. In the instant case plaintiff's counteraffidavit asserts that defendant Stephen Lee had agreed to secure the necessary permits. There is no requirement in the city code that the permit must be obtained by the workman. It suffices that a permit be obtained.

The Ideal Bldg. case is clearly not controlling here. There plaintiff had sold crushed stone, sand and gravel on scales that had not been inspected and sealed as required by city ordinance. Recovery was denied, the court saying:

> The ordinary purchaser of commodities and material has no means of ascertaining the real weight of such commodities and material when delivered in wagon lots and is compelled to rely upon the honesty and integrity of the vendor. It is for that reason that cities have recognized this fact and have endeavored to protect its inhabitants by requiring the vendor to first weigh said articles upon a scale inspected by the city and to furnish to the purchaser or vendee a certificate of that fact, . . . . 273 Ill App at 522–3.

It cannot be determined at this time, merely on the basis of the pleadings and affidavits before us, whether plaintiff, one of several workmen hired by defendants' architect, furnished work and material that conformed neither to city standards nor to the owners' specifications.

In Meissner v. Caravello, 4 Ill App2d 428, 124 NE2d 615, plaintiff had performed work on defendants' house and brought suit to foreclose a mechanic's lien. Defendants, as here, obtained summary judgment on the grounds no permit for the work had been issued. Plaintiff then sought to vacate the judgment, contending, as here, that defendants had promised to secure

the permit. Plaintiff also swore that he was unaware of the fact no permit had been issued until the matter was raised as a defense, some three to four years after the work had been completed. Plaintiff then showed that the work performed complied with the ordinances by then securing a permit. On appeal the Appellate Court held that the failure to obtain a permit was not a bar to recovery and the summary judgment entered was reversed. A contract performed without a permit was held not to be illegal. See also Hartmann v. Younce, 15 Ill App2d 291, 145 NE2d 761.

 While it is highly commendable to dispose of causes with celerity and dispatch, it is more important that justice be done. The notice of motion for summary judgment was served upon plaintiff on March 3, 1962, and determined on March 6th. Generally, the opposing party should be allowed a reasonable time to reply before the entry of summary judgment. On March 6th, plaintiff moved to vacate the judgment, and on April 2nd, filed his counteraffidavit which showed that plaintiff had a good defense to defendants' motion for summary judgment and that material questions of fact remained to be answered before judgment could be entered. Under such circumstances, the judgment should be vacated.

Accordingly, the judgment is reversed and the cause is remanded for further proceedings consistent with the views herein expressed.

Reversed and remanded with directions.

MURPHY and ENGLISH, JJ, concur.