LAWRENCE GREER, Plaintiff-Appellant, v. CHECKER TAXI COMPANY, INC., et al., Defendants-Appellees.

(No. 56399;

First District (3rd Division)—March 8, 1973.

Joseph L. Dombrowski, of Chicago, for appellant.

Julius Jesmer and Ronald Jay Gold, both of Jesmer and Harris, of Chicago, for appellees.

Mr. JUSTICE McGLOON delivered the opinion of the court:

This is an appeal brought by the plaintiff from the denial of his motion to vacate an order granting summary judgment in favor of the defendant. The plaintiff argues that the trial court erred in denying his motion to vacate the judgment, because the record disclosed a genuine issue of fact thereby making the award of summary judgment improper. Ill. Rev. Stat. 1969, ch. 110, par. 57(3).

We reverse and remand.

The pertinent facts are as follows: On December 24, 1968, the plaintiff was a fare-paying passenger in a cab owned by the defendant, Checker Taxi Company, Inc., when the cab collided with a truck owned by a second defendant, Transport Motors, Inc., operated by their agent, defendant Jonas Montvilas. In August, 1970, the plaintiff filed suit against Checker Taxi Company, Inc., Jessie Putman, its agent, Transport Motors, Inc., and its agent, Jonas Montvilas, for injuries sustained by him as a result of the collision. In September the defendant, Checker Taxi Company, Inc., filed its answer.

On November 30, 1970, the deposition of the plaintiff was taken, and on the basis of certain excerpts from the deposition defendant Checker, on February 11, 1971, filed a motion for summary judgment. (Ill. Rev. Stat. 1969, ch. 110, par. 57.) The parts of the deposition presented to the trial court included the plaintiff's description of how the collision occurred. Plaintiff testified that the truck struck the cab as both vehicles were in the process of making a right turn in adjoining lanes of traffic. He further testified that no portion of the cab had gone into the lane of traffic occupied by the truck but that the truck had crossed into the lane occupied by the cab, so that the truck "had to hit the cab." In its supporting affidavit the defendant alleged that the plaintiff's testimony absolved it from any liability and there existed no genuine issue of fact, therefore making summary judgment the proper remedy.

The motion was continued until March 24, 1971, for the purpose of allowing the plaintiff to produce a counter-affidavit in opposition to the motion. On that day, no counter-affiadvit having been filed, summary judgment in favor of the defendant was granted.

On April 23, 1971, the plaintiff filed a motion to vacate the summary judgment. In the supporting affidavit to this motion the plaintiff's attorney stated that the testimony of defendant Montvilas was not available due to continued postponement of his deposition, but that there was

reason to believe that this defendant's testimony, when taken, would contradict the testimony of the plaintiff thereby creating an issue of fact.

The plaintiff's motion was continued until May 13, 1971, at which time the plaintiff filed an affidavit which contained excerpts from the deposition of defendant Montvilas, which was taken on May 4. The testimony of defendant Montvilas contradicted the testimony of the plaintiff in many essential details. Montvilas testified that he was the driver of the truck that was involved in the collision that injured the plaintiff. He stated that while making a right turn in adjoining lanes of traffic, the driver of the cab had cut him off and that he had not crossed into the lane occupied by the cab. The affidavit also contained a police accident report which corresponded closely to those details of Montvilas's testimony that contradicted the plaintiff's version of the accident. After a hearing the motion to vacate the summary judgment was denied, and an order was entered thereupon.

In this appeal the plaintiff argues that it was error for the trial court to deny his motion to vacate the summary judgment, because the record disclosed a material issue of fact due to the contradictory testimony of the plaintiff and the defendant Montvilas.

The defendant argues in support of the award of summary judgment that in determining whether a trial court committed error in granting summary judgment, the record is viewed as of the time the trial court acted on the motion. Applying this principle of law to the instant case, the defendant concludes that on March 24, 1971, when the trial court awarded the summary judgment, the record disclosed no genuine issue of fact, and, therefore, the order was not error. Whether this is a correct statement of the law need not detain us, since the issue on appeal is not whether the original award of summary judgment was proper, but whether the trial court committed error in denying the plaintiff's motion to vacate the summary judgment.

The importance of distinguishing these issues is apparent when considering a case such as the instant one in which there appeared to be no triable issue of fact until the deposition of the defendant Montvilas was made part of the record. In the instant case, the plaintiff is not contesting the original award of summary judgment or the sufficiency of the affidavit upon which it was based, but he is alleging error based upon the trial court's refusal to vacate the judgment after he was able to procure and submit to the court testimony that established a triable issue of fact.

■■ Summary judgment should be granted if upon examination of the record it can be fairly said that no triable issue of fact exists. (*Goodwin v. G. W. Bowers Co.* (1960), 24 Ill.App.2d 158, 164 N.E.2d 278;

*Ray v. City of Chicago* (1960), 19 Ill.2d 593, 169 N.E.2d 73.) Further, an affidavit in support of a motion for summary judgment will be strictly construed and should leave no question as to the movant's right to judgment, whereas the opposing party's affidavit deserves a liberal construction. *Kern v. Chicago & E. I. R.R. Co.* (1963), 44 Ill.App.2d 468, 195 N.E. 2d 197.

■■ A review of the record in the instant case in light of these holdings indicates that the attorney for the plaintiff placed the trial court in a difficult position by not promptly filing counter-affidavits or a motion disclosing valid reason why an extension of time was needed in order to complete a counter-affidavit. The trial court was justified in awarding summary judgment to the defendant on the record as it existed on March 24, 1971. However, after the plaintiff submitted his affidavit, the record disclosed an issue of fact, and the summary judgment should have been vacated.

The instant case is similar to *Des Plaines Motor Sales, Inc. v. Whetzal* (1965), 58 Ill.App.2d 143, 206 N.E.2d 806. In that case summary judgment was awarded to the plaintiff before the defendant filed a counter-affidavit. Later the defendant filed a motion to vacate accompanied by an affidavit that contained statements that contradicted the statements contained in the affidavit filed by plaintiff. The trial court allowed defendant to file his affidavit but denied his motion to vacate. In its opinion reversing the denial of the motion, this court stated that since the trial court allowed the movant to file a counter-affidavit and presumably weighed it in conjunction with the pleadings and the opposing affidavit, there was no reason why it should not do the same. We are of the same opinion in the case now before us.

■■ While it is highly commendable to dispose of causes with celerity and dispatch, it is more important that justice be done. (*Hirz v. Lee* (1963), 41 Ill.App.2d 145, 190 N.E.2d 607.) In the instant case there is no indication that the plaintiff was attempting to delay the progress of this case by not promptly filing the counter-affidavit that created material issues of fact.

Judgment reversed and remanded.

DEMPSEY, P. J., and McNAMARA, J., concur.