DELANEY ELECTRIC COMPANY, INC., Plaintiff-Appellee, v. MICHAEL SCHIESSLE, Trustee, *et al.*, Defendants-Appellants.

First District (2nd Division)   No. 1—91—1124

Opinion filed September 8, 1992.

Burke, Wilson & McIlvaine, of Chicago (Michael F. Csar and Timothy S. Harris, of counsel), for appellants.

Emalfarb, Swan & Bain, of Highland Park (Peter G. Swan, of counsel), for appellee.

JUSTICE SCARIANO delivered the opinion of the court:

Defendant Michael Schiessle (Schiessle), trustee of a land trust, appeals from the order of the circuit court granting summary judgment in favor of plaintiff Delaney Electric Company (Delaney) as to count I of its complaint, thereby foreclosing its mechanic's lien.

On September 19, 1987, Delaney as "contractor" entered into an AIA standard form "small construction contract" with Schiessle as "owner" to complete the electrical system on the property located at 5100 Lake Street in Melrose Park, Illinois, for $18,950. On March 28, 1988, Delaney filed a three-count complaint against Schiessle, individually and as trustee, seeking recovery for its services based on (1) foreclosure of its mechanic's lien, (2) breach of contract, and (3) unjust enrichment. The complaint was also directed against unknown owners and unknown lien holders.

After two unsuccessful attempts to serve Schiessle personally, notice was published on June 24, July 1, and July 8 of 1988. On July 21, 1988, Delaney filed a motion for a default judgment against him individually and as trustee. On July 28, 1988, Schiessle filed a special and limited appearance and moved to quash service against himself individually and as trustee on the ground that service by publication was ineffective against himself as trustee because it did not identify him as the trustee, and that it was effective against him individually only as to "in rem cases" and would not support "an in personam judgment against an individual." On August 16, 1988, the circuit court granted the motion to quash service against Schiessle individually and as trustee. However, on September 2, 1988, pursuant to Delaney's motion to reconsider, the court vacated that order and found that service was "had over Michael Schiessle individually and as holder of trust No. 9 ***." The court found no just reason to delay enforcement or appeal of its order.

On September 14, 1988, Delaney again moved for a default judgment against Schiessle individually and as trustee, and on October 6, 1988, the court ordered that "the Defendants shall either stand on their Motion to Quash and be defaulted or shall appear and file a responsive pleading by October 20, 1988." On October 20, 1988, Schiessle, as trustee and not individually, filed an appearance and a jury demand accompanied by a motion to dismiss in which he argued: (1) that no appropriate notice of claim and no mechanic's lien had been recorded; (2) that no architect's certificate had been presented; (3) that there was a mandatory arbitration clause; and (4) that necessary parties, namely, unknown owners and beneficiaries of the trust, had not

been joined. In response, Delaney argued: (1) that pursuant to the Mechanics Lien Act (Ill. Rev. Stat. 1987, ch. 82, par. 1 *et seq.*) a direct action between a contractor and the owner may be perfected by filing suit within two years of the date of completion of the work; (2) that it was entitled to recover despite the lack of an architect's certificate; (3) that no arbitration demand had been filed; and (4) that it was entitled to recover despite its failure to join the beneficiaries of the trust. In support of its first argument, Delaney submitted a copy of the tract search for the property which indicated that Schiessle was trustee. Schiessle then filed a supplemental motion to dismiss in which he argued that he had conveyed the property to Michael Pelfresne by warranty deed and that, therefore, because the suit was no longer being brought against Schiessle, the owner with whom Delaney contracted, the lien claim should be dismissed for failure to record the lien against the property. The warranty deed was recorded on January 26, 1988.

On January 9, 1989, the court denied the motion to dismiss insofar as it related to the arbitration defense, but indicated that if either party filed a demand for arbitration with the appropriate arbitration authorities within 21 days of its ruling, it would, upon presentation of the demand, stay the proceedings pending arbitration. The court also denied that part of Schiessle's motion that was based on the charge that no lien claim was filed and on Delaney's failure to join necessary parties; however, the denial was "without prejudice to renewal with evidence concerning the date a lis pendens notice was first filed and with legal authority on whether the corrective deed relates back in time to the Jan. 25, 1988 deed." Apparently, the court was referring to the fact that Schiessle had signed the deed to Pelfresne individually and not as trustee. Finally, the court denied that part of Schiessle's motion that was grounded on Delaney's failure to obtain an architect's certificate, because it raised factual issues.

On January 27, 1989, Delaney moved for a default judgment against Schiessle individually because he had failed to appear or answer; and on February 6 Schiessle, as trustee, moved to compel arbitration. Schiessle also responded, as trustee, to Delaney's motion to default him individually, arguing that the order denying his motion to quash service by publication was not an order from which an interlocutory appeal could be taken regardless of whether the court made a Rule 304 finding. He further emphasized that the court had, "at most, jurisdiction to enter an *in rem* or *quasi in rem* order affecting the interests, if any, of Defendant in the subject real estate." On February 6, 1989, the court again denied the motion to compel arbitration pre-

sented by Schiessle as trustee, but indicated it would stay the proceedings if a demand was filed with the "Arbitration Association." The court also granted Delaney's motion to default Schiessle individually but only as to the mechanic's lien foreclosure count of his complaint. In addition, the court held that because service was had by publication, the judgment was *in rem* and affected only Schiessle's rights, if any, in the property. Pursuant to Rule 304(a) (134 Ill. 2d R. 304(a)), the court made its order final and appealable. On February 14, 1989, Schiessle, individually and as trustee, filed a notice of appeal from the court's February 6, 1989, order denying his motion to compel arbitration and from its September 2, 1988, order holding that there was proper service by publication. On May 2, 1989, we granted Delaney's motion to dismiss that appeal.

On June 7, 1989, Delaney moved for a default judgment against Schiessle, as trustee, and against unknown owners and unknown lien claimants. In support of its motion Delaney argued that this court had upheld the trial court's September 2, 1988, ruling "on initial review and on petition for rehearing." He argued further that Schiessle as trustee had not filed any responsive pleading and that the unknown owners and lien claimants had not appeared or filed any responsive pleadings. Schiessle responded that once an order was entered staying the proceedings and compelling arbitration, the motion for a default would become moot. In addition, he noted that the court had denied his February 6, 1989, motion to compel arbitration and his January 9, 1989, motion to dismiss, and that his appeals were rejected. On December 14, 1989, after considering Delaney's motion for a default judgment and Schiessle's motion as trustee to compel arbitration, the court stayed the proceedings and compelled the parties to arbitrate their dispute. On October 12, 1990, the arbitrator awarded Delaney $13,269 against "Schiessle" and denied Schiessle's claim for relief against Delaney in its entirety.

Subsequently, Delaney filed a motion to confirm the award and for summary judgment on the foreclosure count of his complaint against all defendants. Although Schiessle originally responded to Delaney's motion both individually and as trustee, he was later permitted to file an amended response in his capacity as trustee only. On January 17, 1991, the court denied Delaney's motion to confirm the arbitration award, but granted summary judgment in favor of Delaney as to the foreclosure count of his complaint in the amount of the arbitration award. In its order, the court referred to its findings in open court in which it stated, "I do not feel that I can give you a judgment against Schiessle individually on any of the counts that I have pending before

me nor by confirming the arbitration award can I enter a judgment against Schiessle individually." He further stated that, "I will not give you a judgment against Schiessle, the individual, based on the arbitration award. I will give you a lien on Count I [the foreclosure count] in the amount of the arbitration award of $13,269." On February 15, 1991, Schiessle, as trustee, filed a motion to reconsider, which was denied on March 7, 1991. On April 5, 1991, Schiessle, as trustee, filed a notice of appeal from the court's January 17, 1991, order granting summary judgment as to the foreclosure count of Delaney's complaint. Although the circuit court, pursuant to Delaney's motion, certified a question[1] for our review, neither party has bothered to brief the issues presented by such certification; we therefore decline to address it. 134 Ill. 2d R. 341(e)(7).

Schiessle contends that the circuit court erred in granting summary judgment in favor of Delaney on the mechanic's lien count because there were genuine issues of material fact as to whether the requirements for obtaining and enforcing the lien were met. He also claims that the court erred in granting summary judgment before he had an opportunity to answer.

Our function in reviewing the trial court's grant of summary judgment is to determine whether it correctly ruled that no genuine issue of material fact was raised by the parties. (*Blankenship v. Dialist International Corp.* (1991), 209 Ill. App. 3d 920, 923.) It is well settled that a motion for summary judgment should be granted only when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Ill. Rev. Stat. 1983, ch. 110, par. 2—1005(c); *Purtill v. Hess* (1986), 111 Ill. 2d 229, 240.) In making this determination the pleadings, depositions, admissions, exhibits, and affidavits are to be construed strictly against the movant and liberally in favor of the opponent. (*Pyne v. Witmer* (1989), 129 Ill. 2d 351, 358; *Purtill*, 111 Ill. 2d at 240.) In addition, the court must draw all reasonable inferences from the record in favor of the nonmoving party. (*Sawko v. Dominion Plaza One Condominium Association No. 1-A* (1991), 218 Ill. App. 3d

---

[1]The circuit court certified the following question for our review: "Whether the Circuit Court has jurisdiction to confirm an award of an arbitrator rendered in a construction contract arbitration pursuant to Ill. Rev. Stat. Ch. 10 §111 after 90 days since receipt of said arbitration award against a party who had neither been individually served with the Petition to Confirm nor with Summons and Complaint in the original State Court proceeding."

521, 528.) However, although the court may draw inferences from undisputed facts, summary judgment should be denied where reasonable persons could draw divergent inferences from the undisputed facts. (*Pyne*, 129 Ill. 2d at 358.) We note further that because summary judgment is a drastic means of disposing of litigation, it should be allowed only when the right of the moving party is clear and free from doubt. *Purtill*, 111 Ill. 2d at 240.

■ We first address the legal principles pertinent to mechanics' liens as those rules apply to this case. Although not specifically enumerated in the Mechanics Lien Act (Act) (Ill. Rev. Stat. 1987, ch. 82, par. 1 *et seq.*), an analysis of case law demonstrates that there are four prerequisites for bringing an original contractor's lien claim: (1) a valid contract; (2) with the owner of the property or his agent or someone who is knowingly permitted by the owner to contract for improvements; (3) for the furnishing of services or materials; and (4) performance of the contract or a valid excuse for nonperformance. (S. Love, Illinois Mechanics' Liens §28 through §62, at 73-167 (2d ed. 1950) (hereinafter Love); Illinois Mechanics Liens §3.2, at 3—9 through 3—10 (Ill. Inst. for Cont. Legal Educ. 1986 ed. & 1989 Supp.) (hereinafter IICLE).) "The question as to whether the contractor has performed his contract is usually a simple question of fact." (Love, §58, at 159.) However, a lien claimant who has met the prerequisites for bringing a lien claim has merely acquired an inchoate right to a lien which must then be perfected in accordance with the requirements prescribed in the Act. (Love, §63, at 168; IICLE, §3.37, at 3—96.)[2] For example, section 7 of the Act provides in part:

> "No contractor shall be allowed to enforce such lien against or to the prejudice of any other creditor or incumbrancer or purchaser, unless within 4 months after completion *** he or she shall either bring an action to enforce his or her lien therefor or shall file in the office of the recorder of the county in which the building, erection or other improvement to be charged with the lien is situated, a claim for lien, verified by the affidavit of himself or herself, or his or her agent or employee ***. Such claim for lien may be filed at any time after the contract is made, and as to the owner may be filed at any time after the contract is made and within 2 years after the

---

[2] We note that the rights of the parties are governed by the mechanic's lien statute in effect at the time the contract was made. S. Love, Illinois Mechanics' Liens §5, at 7 (2d ed. 1950); Illinois Mechanics Liens §1.5, at 1—11 (Ill. Inst. for Cont. Legal Educ. 1986 ed. & 1989 Supp.).

completion of the contract *** and as to such owner may be amended at any time before the final judgment." Ill. Rev. Stat. 1987, ch. 82, par. 7.

Further, section 11 of the Act provides:

"The plaintiff shall make all parties interested, of whose interest he is notified or has knowledge, parties defendant, and summons shall issue and service thereof be had as in other civil actions ***. *** Parties in interest, within the meaning of this act, shall include *** all persons who may have any valid claim to the whole or any part of the premises upon which a lien may be attempted to be enforced under the provisions thereof, or who are interested in the subject matter of the suit. Any such persons may, on application to the court wherein the suit is pending, be made or become parties at any time before final judgment." Ill. Rev. Stat. 1987, ch. 82, par. 11.

■ We note further that the lien claimant has the burden of proving every element necessary to the establishment of the lien. (*Crane Erectors & Riggers, Inc. v. La Salle National Bank* (1984), 125 Ill. App. 3d 658, 663.) And because it was enacted in derogation of the common law, the requirements of the mechanic's lien statute must be strictly construed. However, once the lien claimant has complied with the statutory requirements, the court should give the statute a liberal construction in order to carry out its remedial purpose. *First Federal Savings & Loan Association v. Connelly* (1983), 97 Ill. 2d 242, 246.

■ "Since the remedy afforded by the Act for the enforcement of mechanics' liens is merely cumulative of the common-law remedies, it follows logically that the submission of a controversy relating to a mechanic's lien to arbitration does not prevent a subsequent appeal to a court of chancery in a suit to foreclose the lien." (Love, §178, at 467.) IICLE, too, states that the submission of a controversy relating to a mechanic's lien to arbitration does not bar a suit to foreclose the lien. (IICLE, §9.1, at 9—4.) The remedy provided by the Act may be pursued concurrently or successively with the common law remedies until satisfaction of the claim is obtained through one of them. (*Kelso-Burnett Co. v. Zeus Development Corp.* (1982), 107 Ill. App. 3d 34, 39, citing *West v. Flemming* (1857), 18 Ill. 248.) "Even if the arbitrators proceed to an award, the making of the award does not destroy the lien, nor prevent the plaintiff's enforcing his lien by a chancery suit, even though it will prevent his enforcing it for a larger amount than the amount of the award." (Love, §178, at 467, citing *Sorg v. Crandall* (1908), 233 Ill. 79, 99; *Paulsen v. Manske* (1888), 126 Ill. 72.) In *Sorg* (233 Ill. at 99), the court stated:

"We do not think it is true, as contended by Sorg, that submission of the dispute to arbitrators waived the mechanic's lien. Under our statute the remedy by enforcement of the lien is merely cumulative. If the arbitration had been legally conducted and the award had established that some amount was due Shields & Cook, they could not thereafter, as a matter of course, enforce a lien for any larger amount. But had a lien existed it would not have been affected by such an award except in reference to the amount that could have been collected by its enforcement."

The law is also well established that the purpose of arbitration is to resolve disputes arising out of or relating to the contract between the parties, whereas the purpose of a lien foreclosure is for the contractor to obtain a legal hold on the owner's property as security for a debt. *J & K Cement Construction, Inc. v. Montalbano Builders, Inc.* (1983), 119 Ill. App. 3d 663, 678.

■ Pursuant to the Uniform Arbitration Act (Ill. Rev. Stat. 1987, ch. 10, par. 101 *et seq.*), judgment is to be entered in conformity with the granting of an order confirming, modifying or correcting an arbitration award. (Ill. Rev. Stat. 1987, ch. 10, par. 114.) In this case, the record is silent as to what transpired at the arbitration proceedings. In any event, the circuit court declined to confirm the arbitration award and, as previously noted, the circuit court's decision not to confirm the award has not been properly presented for our review by either party. However, despite our concerns relative to judicial economy and the conservation of judicial resources, we cannot permit the circuit court to accomplish indirectly that which it acknowledged it could not do directly; which is to say that it may not "confirm" the award by granting summary judgment on the mechanic's lien count, which sought $10,400, solely on the basis of the unconfirmed arbitration award, which stated simply that "Michael Schiessle shall pay to Delaney Electric Company the sum of *** $13,269.00," and that "[t]he claim of Michael Schiessle against Delaney Electric Company is denied in its entirety," without first hearing evidence as to whether the prerequisites for bringing a lien claim and the requirements for perfecting and enforcing such a claim were met. Therefore, we hold that there were genuine issues of material fact as to whether the prerequisites and requirements applicable to this case were met.

■ Finally, we address Schiessle's contention that the circuit court erred in granting summary judgment before he, in his capacity as trustee, had an opportunity to answer. He claims that his failure to answer is not due to any fault of his own, but occurred because the

court stayed the proceedings and compelled the parties to arbitrate their dispute. In support of this position, Schiessle relies on the authority of *Mastercraft Lamp Co. v. Mortek* (1960), 28 Ill. App. 2d 273, 274-75, in which the court stated:

> "The pleadings are to be considered in order that the court may know what the issues are. A motion for summary judgment presupposes that the pleadings join issue. Summary judgment should not be entered where the trial judge would have to decide controverted questions of fact."

However, as Delaney points out, according to section 2—1005(a) of the Code of Civil Procedure, the plaintiff may move for summary judgment "[a]ny time after the opposite party has appeared or after the time within which he or she is required to appear has expired." (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005(a).) In *Miller v. Smith* (1985), 137 Ill. App. 3d 192, 199, the court stated that "[a]lthough a summary judgment motion need not await an actual answer to the complaint or counterclaim on which it is based, the opposing party must at least be given an opportunity to file some timely response to the legal sufficiency of, or factual allegations in, that complaint or counterclaim. This procedure is necessary to enable any preliminary legal impediments to recovery by the complaining party to be identified and to insure that the factual matters at issue are properly joined for consideration by the trial court. These objectives, of course, may be accomplished not only through the filing of an answer, but also by way of such motions as those to strike and to dismiss ***.'' There, the court found that the required procedure was not followed because the defendants were permitted to move for summary judgment simultaneously with the initial filing of that count. (*Miller*, 137 Ill. App. 3d at 199.) Similarly, in *Hirz v. Lee* (1963), 41 Ill. App. 2d 145, 149, the court stated that a party opposing a motion for summary judgment should be allowed a reasonable time to reply before entry of summary judgment. There, the court held that summary judgment should be vacated since the notice of motion was served three days before the motion was determined. *Hirz*, 41 Ill. App. 2d at 149.

In this case, Delaney filed its complaint on March 28, 1988. Schiessle, in his capacity as trustee, appeared on October 20, 1988. Delaney filed a motion to confirm the arbitration award and for summary judgment on or about November 1, 1990. Schiessle, individually and as trustee, responded to the motion on November 19, 1990. He later filed an amended response as trustee only. Although the court stayed the proceedings because of arbitration, we find that Schiessle, despite his failure to file an answer, was afforded ample opportunity

to respond to Delaney's motion before entry of summary judgment. We therefore reject this contention of error.

However, we reverse the judgment of the circuit court on the ground that there were genuine issues of material fact pertaining to the mechanic's lien that required a trial; the cause is therefore remanded for proceedings consistent with the views expressed in this opinion.

Reversed and remanded.

HARTMAN, P.J., and DiVITO, J., concur.