FOURTH DIVISION

                                                May 12, 2005

No. 1-04-1480

TEFCO CONSTRUCTION COMPANY,      ) Appeal from the  

INC., an Illinois Corporation,      ) Circuit Court of                 )   Cook County.                   Plaintiff-Appellant,            )

      ) 

v.      ) 

      ) 

CONTINENTAL COMMUNITY BANK      ) Honorable       

AND TRUST COMPANY, f/k/a      )   Cyril J. Watson, 

Maywood Proviso State Bank,      )   Judge Presiding.

as Trustee under Trust      )

Agreement dated 7/21/88 and      )

known as Trust No. 7860; RONALD )

KAINE; A-Z ZENITH CURRENCY          ) 

EXCHANGE; RANDHURST CURRENCY        )

EXCHANGE, INC.; KAP-SUM             )

PROPERTIES LLC.; FIRST BANK OF      )

HIGHLAND PARK; RCK REAL ESTATE,     )

INC.; CORUS BANK, N.A.;             )

NORTHCROSS ROOFING & WATERPROOFING, )

INC.; BRIGHT ELECTRICAL SUPPLY      )  

COMPANY, INC.; FIRST LINE           )

CONSTRUCTION COMPANY, INC.; BECK    )

RAMM BRICK COMPANY; JAMES KAPLAN    )

COMPANIES, INC.; KAP-SUM PROPERTIES,)

LLC.; RANDHURST CROSSING, LLC.;     ) 

WACHOVIA BANK; NATIONAL ASSOCIATION;)

KEPSUM PROPERTIES, INC.; BOSTON     ) 

MARKET CORPORATION; UNKNOWN OWNERS; ) 

NON-RECORD OWNERS; NON-RECORD       )

CLAIMANTS,
 )

      )

Defendants-Appellees.      )

JUSTICE QUINN delivered the opinion of the court:

Plaintiff Tefco Construction Company, Inc. (Tefco Construction), appeals from an order of the circuit court of Cook County granting summary judgment in favor of defendants Randhurst Crossing, LLC; Wachovia Bank; National Association; and Boston Market Corporation.  On appeal, plaintiff contends that the circuit court erred in granting summary judgment where the court ignored the purpose of the Mechanics Lien Act (Act) (770 ILCS 60/1 
et
 
seq.
) (West 2002)) and relied solely on the fact that plaintiff’s claim for lien against defendants was not verified as required by the  Act.  770 ILCS 60/7 (West 2002).  For the following reasons, we affirm the decision of the circuit court granting summary judgment in favor of defendants. 

I. Background

Tefco Construction, an Illinois corporation, is in the business of furnishing labor, materials and services for general contracting work.  On August 20, 2001, Tefco Construction entered into a contract with defendant Randhurst Currency Exchange, Inc.,  (Randhurst); to construct a currency exchange in a shopping center located in Mount Prospect, Illinois.  The shopping center was owned by defendant Kap-Sum Properties (Kap-Sum) and was located at 1 West Rand Road in Mount Prospect, Illinois.  

Per its agreement with Randhurst, Tefco Construction was to furnish labor, materials and services to construct the currency exchange for the sum of $144,000.  Specifically, Tefco Construction was to provide labor and materials for general contracting work, which included the building of a new currency exchange, the erection of a bullet-proof safety cage, plumbing work, electrical work, and the installation of custom millwork, an alarm system, a sprinkler system, and the heating and air- conditioning system.  Upon completion of the construction, the total contract price, accounting for credits to the contract and additional work performed by Tefco Construction, was $143,107.46. Randhurst submitted payment in the amount of $62,831 against this amount.  

On February 14, 2002, Tefco Construction filed a claim for a mechanic's lien on the said improved property for the unpaid balance of $80,276.46.  The claim for lien was completed on a preprinted legal form and contained a legal description of the property, commonly known address of the property, a brief statement of the contract, and the balance due after allowing all credits. The lien was signed by the president of Tefco Construction, Thomas Flanagan, and no other signatures were present on the document.

On July 1, 2002, Tefco Construction filed a complaint to foreclose on the mechanic's lien.  Counts I and III addressed properties not at issue in this appeal.  Count II of the complaint alleged that Tefco Construction entered into a contract with Randhurst to construct a new currency exchange and completed the necessary construction on October 19, 2001.  The complaint further alleged that Randhurst, through its agents Garapolo Maynard Architects, Inc., Ronald Kaine, and Debbie King, entered change orders which both cancelled certain work from the contract and required Tefco Construction to provide additional work on the project.  Tefco Construction alleged that the total cost for construction was $140,351 plus a sum of $2,756 for the cost of the additional work and materials Tefco Construction provided under the change orders.  The complaint also alleged that the defendant paid $62,831 and claimed a mechanic's lien on the premises to the extent of the unpaid balance of $80,276.

On November 4, 2002, the property was conveyed to defendant Randhurst Crossing, LLC (Randhurst Crossing).  On December 6, 2002, Tefco Construction filed its amended complaint to foreclose its claim for mechanic's lien and other relief.  Tefco Construction added defendants Randhurst Crossing, Wachovia Bank National Association (Wachovia Bank), Kap-Sum and Boston Market Corporation (Boston Market) to its claim for lien as a result of said defendants’ alleged interest in the premises as lien creditors, tenants, judgment creditors, encumbrances, trustees and purchasers.

Flanagan, in his capacity as president of Tefco Construction, filed an affidavit for prove up for judgment against Randhurst Currency Exchange, Inc., as to count II of the amended complaint on January 2, 2004.  On January 12, 2004, judgment was entered against Randhurst in favor of Tefco Construction for the amount of $80,276.

On March 2, 2004, defendants Randhurst Crossing, Boston Market, and Wachovia Bank filed a motion for summary judgment. The defendants moved for summary judgment on the grounds that there was a material defect on the face of Tefco Construction’s claim for mechanic's lien that rendered the lien unenforceable.  The motion specifically alleged that Tefco Construction’s claim for lien was unenforceable because it was not verified by the affidavit of the claimant, or his or her agent or employee, as required under section 7 of the Act (770 ILCS 60/7 (West 2002)).  

In its response to the motion for summary judgment, Tefco Construction argued that "the purpose of the Act is to protect trade contractors and materialmen who in good faith furnish valuable labor and material, and no third party was prejudiced by the error."  Tefco Construction also claimed that granting summary judgment "cut[s] against the remedial purpose of the Mechanics Lien Act" and is "inherently inconsistent with the goals of [
sic
] Section 39 of the Act," which provides that the Act shall be "liberally construed as a remedial act."  770 ILCS 60/39 (West 2002).  

The circuit court granted the defendants’ motion for summary judgment on April 19, 2004.  Tefco Construction now appeals.

 

II. Analysis

On appeal, Tefco Construction contends that the circuit court erred in granting summary judgment in favor of defendants.  Tefco Construction specifically argues that a claim for mechanic's lien, signed by an agent or employee of the lien claimant but not verified, is enforceable where there is no prejudice to any third parties and because a holding to the contrary would defeat the purpose of the Act and result in a windfall to defendants.

A motion for summary judgment should be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  735 ILCS 5/2-1005©) (West 2002); 
Dardeen v. Kuehling
, 213 Ill. 2d 329, 335 (2004).  The nonmoving party will survive a motion for summary judgment if the party presents "a factual basis that would arguably entitle him to a judgment."  
Carollo v. Al Warren Oil Co.
, 335 Ill. App. 3d 172, 179 (2004), citing 
Allegro Services, Ltd. v. Metropolitan Pier & Exposition Authority
, 172 Ill. 2d 243, 256 (1996). 

The use of summary judgment is encouraged as an aid in the expeditious disposition of a lawsuit; however, it is a drastic measure and should only be allowed when the right of the moving party is clear and free from doubt.  
American States Insurance Co. v. Hamer
, 352 Ill. App. 3d 521, 525 (2004); 
Purtill v. Hess
,
 111 Ill. 2d 229, 240 (1986).  In determining whether the moving party is entitled to summary judgment, the court must strictly construe the pleadings, depositions, admissions and affidavits against the movant and liberally in favor of the nonmoving party.  
Hamer
, 352 Ill. App. 3d at 525.  This court reviews the circuit court's decision to grant summary judgment 
de
 
novo
.
  
Hamer
, 352 Ill. App. 3d at 525. 

As this court has previously recognized, Illinois has a limited amount of case law discussing issues concerning the Mechanics Lien Act, especially focusing on the technical requirements of the Act.  See 
Aluma Systems, Inc. v. Frederick Quinn Corp.
, 206 Ill. App. 3d 828, 838 (1990).  Mechanic's liens were not recognized by common law or in equity but were created by statute.  
First Federal Savings & Loan Ass'n of Chicago v. Connelly
, 97 Ill. 2d 242, 246 (1983).  The statute further provides for the method of their enforcement, and as such, the statute must be strictly construed with reference to those requirements upon which the right depends.  
Connelly
, 97 Ill. 2d at 246
.  

A mechanic's lien is valid only if each of the statutory requirements is strictly observed (
Connelly
, 97 Ill. 2d at 246), and the party seeking to enforce the lien bears the burden of proving that each requisite has been satisfied (
Bale v. Barnhart
, 343 Ill. App. 3d 708, 713 (2003)).  While the Act should be construed liberally as a remedial one, being in derogation of the common law, it is strictly construed with reference to the requirements upon which the right to a lien depends.  
Luise, Inc. v. Village of Skokie
, 335 Ill. App. 3d 672, 680 (2002).

There are four prerequisites for bringing an original contractor's lien claim: (1) a valid contract; (2) with the owner of the property or his agent or someone who is knowingly permitted by the owner to contract for improvements; (3) for the furnishing of services or materials; and (4) performance of the contract or a valid excuse for nonperformance. 
Delaney Electric Co. v. Schiessle
, 235 Ill. App. 3d 258, 264 (1992).  A contractor who has met these prerequisites for bringing a claim for lien has "merely acquired an inchoate right to a lien which must then be perfected in accordance with the requirements prescribed in the Act."  
Delaney Electric Co.
, 235 Ill. App. 3d at 264.

In order to enforce a lien against a creditor, a contractor must comply with the prerequisites in section 7 of the Act.  770 ILCS 60/7 (West 2002).  Under section 7, a claim for lien against a creditor must: (1) be filed within four months after the completion of work; (2) be verified by affidavit of the claimant or an agent or employee; (3) contain a brief statement of the contract; (4) set forth the balance due; and (5) provide a sufficiently correct description of the lot, lots or tracts of land to identify the same.  770 ILCS 60/7 (West 2002); 
Bale
, 343 Ill. App. 3d at 713.

In this case, neither Tefco Construction nor the defendants dispute that Tefco Construction met the prerequisites to bring an original contractor’s claim for lien: Tefco Construction entered into a valid contract with Randhurst on August 20, 2001; Randhurst was the owner of the property at the time of the contract; the contract was "to provide labor and materials for general contracting work, which included building a new currency exchange, the erection of a bullet-proof safety cage, plumbing work, electrical work, installation of custom millwork, an alarm system, a sprinkler system, and of the heating and air conditioning system," which constitutes the furnishing of services or materials; and Tefco Construction performed its duties under the contract and completed the construction of the currency exchange on October 19, 2001.  See generally 
Delaney Electric Co.
, 235 Ill. App. 3d at 264.

Because Tefco Construction met each of the prerequisites necessary to file a claim for lien, we must now consider whether the claim can be enforced under the Act.  

In order to enforce the lien against a creditor, section 7 of the Act provides several prerequisites, including the requirement that the claim be verified by the affidavit of the contractor, or his or her agent or employee.  770 ILCS 60/7 (West 2002).  The record shows that Flanagan, in his capacity as president of Tefco Construction, completed a claim for lien that included a brief statement of the contract, the balance due after allowing all credits, and a sufficiently correct description of the property.  However, the claim for lien signed by Flanagan does not include any language which may be construed as an affidavit but, rather, simply states that "[t]he claimant, Tefco Construction of Forest Park, County of Cook, State of Illinois, hereby files a claim for lien against Randhurst Currency Exchange."  Accordingly, Flanagan failed to verify the document or attach an affidavit to the claim as required by section 7 of the Act.  The parties dispute the result of this omission.

Tefco Construction argues that granting summary judgment based solely on the fact that the claim was not verified would be a "hyper-technical" reading of the statute and would lead to an unfair result.  However, we reject this argument because section 7 of the Act specifically requires such verification.  770 ILCS 60/7 (West 2002).  While no Illinois case has directly addressed the consequences of a failure to verify a claim for mechanic’s lien, other jurisdictions have held that an "affirmed" verification means that which is supported by oath or affirmation in writing.  See 
Aetna Glass Corp. v. Mercury Builders, Inc.
, 145 Ind. App. 286, 250 N.E.2d 598 (1969) (holding that a signed and notarized claim did not meet the verification requirements under Indiana law); 
Craft v. Stevenson Lumber Yard, Inc.
, 1 79 N.J. 56, 843 A.2d 1076 (2004) (holding that a valid lien under the state’s construction lien law must attest under oath that a debt is owed); 
In re JGC Enterprises, L.L.C.
, 40 Fed. Appx. 561 (9th Cir. ID 2002) (finding that a mechanic's lien claim was invalid where the plaintiff failed to comply with the verification requirements of the Idaho statute); 
Lumberman’s of Washington, Inc. v. Barnhardt
, 89 Wash. App. 283, 949 P.2d 382 (1997) (determining that a claim of lien that did not include a signed verification statement was invalid and unenforceable); 
Stoebner v. Horizon Fabricators, Inc.
, 153 B.R. 840 (D. Minn. 1993) (holding that, under Illinois law, filing notice of mechanic's lien was not enough to overcome the party’s failure to verify its claim by affidavit); 
Red Rooster Construction Co. v. River Associates, Inc.
, 224 Conn. 563, 620 A.2d 118 (1993) (finding that in order to comply with the mechanic's lien statute, the party is required to establish execution of an oath swearing that the facts contained in the document are true); 
Stresscon v. Madiedo
, 581 So. 2d 158 (Fla. 1991) (holding that the failure to notarize the mechanic's lien claim is fatal to the claim in view of strict compliance required with the statute). 

In arguing that its claim for lien should be enforceable despite the lack of verification, Tefco Construction relies heavily on 
Aluma Systems, Inc.
, 206 Ill. App. 3d at 848, where the claimant filed a mechanic's lien and issued a series of corrected notices to the other parties.  In 
Aluma Systems, Inc
, the focus of the appeal was section 23 of the Act, which requires that the claimant give notice of the claim to the director or other official responsible for the original contract.  770 ILCS 60/23 (West 1990); 
Aluma Systems, Inc.
, 206 Ill. App. 3d at 831.  This court held that the claimant’s action of sending an incorrect initial notice, and then several corrected notices, was not enough to render the claim unenforceable.  
Aluma Systems, Inc.
, 206 Ill. App. 3d at 848.  

However, we find the holding in 
Aluma Systems, Inc.
 to be distinguishable from the present case.  In 
Aluma Systems, Inc.
, this court provided a thorough analysis of the history of the Mechanics Lien Act and was clear in stating that its holding is based on some "authority which favors some flexibility in applying the general rules."  
Aluma Systems, Inc.
, 206 Ill. App. 3d at 839.  Unlike 
Aluma Systems, Inc.
, this case involves the verification requirement under section 7 of the Act, which is not considered a general rule of the statute.  770 ILCS 60/7 (West 2002).  Rather, Tefco Construction, as the claimant, was required to comply with each of the prerequisites listed in section 7 in order for its claim to be enforceable under the Act.  770 ILCS 60/7 (West 2002); 
Connelly
, 97 Ill. 2d at 246.  Accordingly, Tefco Construction's failure to verify the claim in accordance with section 7 renders the claim unenforceable under the Act.

Finally, Tefco Construction urges this court to construe section 7 in accordance with the Act's general purpose to protect contractors' rights to receive payment when they furnish valuable labor and material in good faith because section 39 requires that the Act be "liberally construed as a remedial act."

Section 39 does provide that the Act as a whole should be liberally construed to reflect its remedial purpose, but only after the contractor has "scrupulously observed" all the statutory prerequisites that give effect to the lien.  
Gateway Concrete Forming Systems, Inc. v. Dynaprop XVIII: State Street LLC
, No. 1-04-2184, slip op. at 9 (March 31, 2005).  The provisions of the Act that fall outside of the statutory requirements are applicable only after the claimant complies with the statutory requirements.  
Delaney Electric Co.
, 235 Ill. App. 3d at 265; 
Connelly
, 97 Ill. 2d at 246.  Because Tefco Construction failed to meet the prerequisites to enforce its claim for lien under section 7
, we cannot liberally construe the Act to afford Tefco Construction a remedy because its claim for lien was unenforceable.  

We also note that the verification requirement serves an important function under the Act.  Obtaining a mechanic's lien entails the relatively simple process of a claimant filing a claim with the recorder's office in accordance with section 7 of the Act.  However, the recording of such a claim for mechanic's lien has significant legal consequences involving the encumbrance on property.  By requiring verification of the claim for mechanic's lien, section 7 provides that the claimant must make statements in the recorded document under penalty of perjury which provides a much needed consequence should the claimant file a frivolous claim under the Act.  The fact that the appellant's claim in the instant case was not frivolous, as the appellant unquestionably supplied the materials and performed the work as alleged in the claim, does not change our analysis.  Despite the unfavorable outcome to the appellant in this case, 
we will not depart from the plain language of the statute by reading into it exceptions that conflict with the intent of the legislature.  
Carver v. Sherrif of La salle County
, 203 Ill. 2d 497, 507 (2003).

III. Conclusion

For the above-stated reasons, we affirm the order of the circuit court of Cook County granting summary judgment in favor of defendants.

Affirmed.

GREIMAN and THEIS, JJ., concur.