NOTICE
Decision filed 02/20/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 241332-U

NO. 5-24-1332

IN THE

APPELLATE COURT OF ILLINOS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| TINDALL CONSTRUCTION, INC., an Illinois Corporation, | ) ) ) | Appeal from the Circuit Court of Madison County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | |
| | ) | No. 24-CH-42 |
| SRI GANESH REALTY 2, LLC; NP TRADEPORT LAND HOLDINGS, LLC; MILLENNIUM BANK; and UNKNOWN OWNERS and NON-RECORD CLAIMAINTS, | ) ) ) ) ) | |
| Defendants | ) ) | Honorable Ronald J. Foster Jr., |
| (SRI Ganesh Realty 2, LLC, Defendant-Appellant). | ) | Judge, presiding. |

JUSTICE MOORE delivered the judgment of the court.
Justices Boie and Sholar concurred in the judgment.

**ORDER**

¶ 1  *Held*:  The circuit court erred in denying the motion to compel arbitration and stay the proceedings pending arbitration. We reverse the circuit court's order of November 22, 2024, and remand with instructions to enter an order compelling arbitration and stay the proceedings.

¶ 2  The defendant, SRI Ganesh Realty 2, LLC (SRI), appeals the November 22, 2024, order of the circuit court of Madison County which denied its motion to compel arbitration and stay the proceedings until the completion of the arbitration. For the following reasons, we reverse the circuit court's order of November 22, 2024, and remand with instructions to enter an order

1

referring the matter to arbitration and stay the remaining proceedings until the arbitration is completed.

¶ 3                                        I. BACKGROUND

¶ 4      On July 22, 2024, the plaintiff, Tindall Construction, Inc. (Tindall) filed a five-count verified complaint in the circuit court of Madison County regarding improvements to five real estate parcels located in Madison County referred to as "Lot 044," "Lot 053," "Lot 054," and "Lot 055." Count I sought to foreclose a mechanic's lien against the defendant, NP Tradeport Land Holdings, LLC (NP) related to Lot 044. Count II alleged an unjust enrichment claim against NP related to Lot 044. Count III sought to foreclose a mechanic's lien against defendants, SRI and Millennium Bank (Bank), related to Lots 053, 054, and 055. Count IV alleged a breach of contract claim against SRI regarding all of the lots. The complaint alleged that Tindall and SRI entered into a contract on November 20, 2023. Count V alleged an unjust enrichment claim against SRI regarding Lots 053, 054, and 055.

¶ 5      Tindall's complaint included several exhibits. Exhibit A to the complaint was a document titled "Construction Contract," and which stated the date of the contract was November 20, 2023 (November contract). Exhibit B to the complaint was a May 17, 2024, letter from Tindall's counsel to SRI demanding payment for an outstanding balance. Exhibit C to the complaint was a verified notice of subcontractor's claim of mechanic's lien regarding work performed on Lot 044 under "a written contract, dated February 1, 2023." The lien was executed on June 10, 2024, and recorded in Madison County on July 10, 2024. Exhibit D to the complaint was a verified original contractor's mechanic's lien regarding work performed on Lot 053 which provided, *inter alia*, "[t]hat on February 1, 2023, Owner and Tindall entered into a contract whereby Owner agreed to pay Tindall the total amount of $3,231,889.00 for construction and site improvement work at the

2

Property (the 'Contract')." The lien was executed on June 10, 2024, and recorded in Madison County on July 10, 2024. Exhibit E to the complaint was a verified original contractor's mechanic's lien regarding work performed on Lot 054 which provided, *inter alia*, "[t]hat on February 1, 2023, Owner and Tindall entered into a contract whereby Owner agreed to pay Tindall the total amount of $3,231,889.00 for construction and site improvement work at the Property (the 'Contract')." The lien was executed on June 10, 2024, and recorded in Madison County on July 10, 2024. Exhibit F to the complaint was a verified original contractor's mechanic's lien regarding work performed on Lot 055 which provided, *inter alia*, "[t]hat on February 1, 2023, Owner and Tindall entered into a contract whereby Owner agreed to pay Tindall the total amount of $3,231,889.00 for construction and site improvement work at the Property (the 'Contract')." The lien was executed on June 10, 2024, and recorded in Madison County on July 10, 2024.

¶ 6    On August 16, 2024, SRI filed a motion to compel arbitration and stay the action until the arbitration was completed. SRI's motion to compel arbitration denied entering into the November 20, 2023, contract but acknowledged entering into a contract with Tindall on February 1, 2023, for the same work covered by the purported November contract. SRI attached the February contract as an exhibit to its motion to compel. SRI argued that the February contract and the purported November contract contained identical general conditions. Section 18 of the general conditions contained an arbitration clause, which provides:

> "18. <u>Resolution of Disputes</u>: Any claim, dispute, or controversy between Owner [SRI] and Contractor [Tindall] arising out of or relating to the Contract or other Contract Documents, or the breach thereof, shall, in the sole discretion of Owner, be decided by arbitration in accordance with the AAA's Construction Industry Arbitration Rules and Mediation Procedures. The arbitration tribunal shall determine the rights and obligations

3

of the parties according to the laws of Illinois, excluding its conflict of laws principles; provided, however, the law applicable to the validity of the arbitration clause, the enforcement of any award, and any other question of arbitration law or procedure shall be the Federal Arbitration Act, 9 U.S.C.A. § 2. The award rendered by the arbitrator(s) shall be final and binding and judgment may be entered upon it in accordance with applicable law in any court of competent jurisdiction. Contractor shall promptly proceed with Work pending resolution of any claim, dispute or controversy, and failure to do so is a material breach of the Contract."

¶ 7   Tindall filed a response in opposition to the motion to compel arbitration and stay litigation. Tindall argued that since SRI denied entering into the November contract that it could not enforce the arbitration clause contained within said contract.

¶ 8   On November 14, 2024, the circuit court held a nonevidentiary hearing on the motion to compel arbitration and stay the proceedings. The circuit court agreed with Tindall and by written order entered on November 22, 2024, denied the motion to compel arbitration and stay the litigation because SRI denied entering into the November contract. The circuit court's order did not make findings of fact. SRI filed a timely notice of interlocutory appeal.

¶ 9                                    II. ANALYSIS

¶ 10   On appeal, SRI contends that the circuit court erred in denying its motion to compel arbitration and stay the proceedings. SRI points to the arbitration agreement contained in both the February contract and the purported November contract.

¶ 11   An order of the circuit court granting or denying a motion to compel arbitration is injunctive in nature and appealable under Illinois Supreme Court Rule 307(a)(1) (eff. Nov. 1, 2017). *Salsitz v. Kreiss*, 198 Ill. 2d 1, 11 (2001). Generally, the standard of review for a decision

4

on a motion to compel arbitration is whether there was a showing sufficient to sustain the circuit court's order. *Keefe v. Allied Home Mortgage Corp.*, 393 Ill. App. 3d 226, 229 (2009). However, like in the present matter, where "the circuit court rendered its decision without an evidentiary hearing and without findings of fact, the standard of review is *de novo*. *Id.*

¶ 12    "A motion to compel arbitration and stay the proceedings is essentially a section 2-619(a)(9) [of the Code of Civil Procedure] motion to stay an action in the trial court based on an affirmative matter—the exclusive remedy of arbitration." *Gaines v. Ciox Health, LLC*, 2024 IL App (5th) 230565, ¶ 25. The party seeking arbitration has the initial burden to establish the parties made a valid agreement to arbitrate and the controversy is within the scope of the arbitration agreement. *Id.*

¶ 13    The purported arbitration agreement that SRI seeks to enforce is governed by the United States Arbitration Act (9 U.S.C. § 2 (2024)), commonly known as the Federal Arbitration Act (FAA), and the arbitration proceedings would be conducted in accordance with the rules of the American Arbitration Association (AAA). "Under the FAA, state courts and federal courts are authorized to stay an action and compel arbitration upon being satisfied that the issue involved in the action or proceeding is referable to arbitration under a written agreement to arbitrate." *Gaines*, 2024 IL App (5th) 230565, ¶ 26. When considering a motion to compel arbitration, the circuit court must decide whether a valid arbitration agreement exists. *Id.*

¶ 14    "A fact admitted in a verified pleading is considered a judicial admission, conclusive against the pleader, and dispenses with proof on that fact." *Id.* ¶ 35. Exhibits are a part of the complaint to which they are attached, and "the factual allegations contained within an exhibit attached to a complaint serve to negate inconsistent allegations of fact contained within the body of the complaint." *Burton v. Airborne Express, Inc.*, 367 Ill. App. 3d 1026, 1034 (2006).

5

¶ 15 In this case, Tindall filed a verified complaint with exhibits. Exhibits C, D, E, and F consisted of verified mechanic's liens. The first prerequisite for bringing a contractor's mechanic's lien is a valid contract. *Tefco Construction Co. v. Continental Community Bank & Trust Co.*, 357 Ill. App. 3d 714, 719 (2005). Additionally, a mechanic's lien is required to be verified. *Id.* at 722.

¶ 16 The verified mechanic's liens which were attached to the complaint in the present action state they are pursuant to a contract entered into on February 1, 2023. The liens were sworn on oath and signed by Christopher Tindall. These verified statements are binding judicial admissions.

¶ 17 The circuit court focused on the dispute regarding the purported November contract. SRI met its initial burden to establish the parties made a valid agreement to arbitrate and the controversy is within the scope of the arbitration agreement with its motion to compel that provided the February contract. Then when we examine Tindall's own complaint and exhibits, SRI's claim that a February contract was entered into cannot be refuted based on the binding judicial admissions contained within the mechanic's liens. The February contract contains an agreement to arbitrate "[a]ny claim, dispute, or controversy between Owner [SRI] and Contractor [Tindall] arising out of or relating to the Contract or other Contract Documents, or the breach thereof." Accordingly, the parties' dispute regarding an alleged breach of contract and whether the February contract was amended or superseded should be referred to arbitration.

¶ 18                                III. CONCLUSION

¶ 19 For the reasons stated, the circuit court's order denying the motion to compel arbitration and stay the proceedings is reversed. The cause is remanded with instructions to enter an order referring the matter to arbitration and stay the remaining proceedings until the arbitration is completed.

¶ 20 Reversed and remanded.

6